CASE 101—PETITION ORDINARY—SEPTEMBER 23.

# Curtis v. Louisville City Railway Company.

### APPEAL FROM PIKE CIRCUIT COURT.

1. STREET RAILWAYS—MISTAKE OF DRIVER IN MAKING CHANGE.—Where a street-car driver authorized to make change on behalf of the company delivered to a passenger a package in which there was a shortage of five cents, to which his attention was called, the passenger must be regarded as having paid his fare of five cents, and the driver had no right thereafter to eject him for his failure to put an additional fare in the box, although a rule of the company requiring passengers to put their fares in the box is reasonable, and a passenger may ordinarily be ejected from the car upon his refusal to comply with the rule. Therefore, the company is liable to the passenger for the damages sustained by him in consequence of being ejected from the car.

2. SAME—EVIDENCE IN MITIGATION OF DAMAGES.—A request made by the driver of the passenger to adjust the matter with the company was competent to go to the jury in mitigation of damages.

3. EVIDENCE.—What occurred after the plaintiff left the car should not go to the jury unless it was done by defendant's authority.

W. O. HARRIS AND THOMAS LAWSON FOR APPELLANT.
Brief withdrawn.

HUMPHREY & DAVIE FOR APPELLEE.

1. The rule of the company requiring a passenger to put his fare in the fare-box, and forbidding fares to be paid to the driver, is a reasonable and valid rule, necessary to protect the company, and to enable it to prevent losses and frauds, and to perform its public service. (Reese v. Pa. Railroad, 17 American State Reports, 820; McGowan v. Morgan county, 17 American State Reports, 416.)

2. As the change belonged to the driver and not to the company, the handing of the fifty cents to the driver for change was no more a payment of fare than seeking change of another passenger would have been; and if the driver, by mistake, did not give back the full amount of change, it was a matter between Curtis and the driver, and not a matter between Curtis and the company. (Railroad Co. v. Mays, 4 Indiana Appellate Reports, 413; Hall v. Memphis Railroad, 15 Federal Reporter, page 57.)

3. If there was a mistake in the amount of the package of change that the driver handed Curtis, it was an honest difference of opinion, and the driver offered to hand Curtis an additional five cents at once if Curtis would stop by the company's adjacent office and explain matters so as to likewise protect the driver from loss. This reasonable offer of the driver and the unreasonable refusal by Curtis were properly admissible in evidence; to show the good faith of the driver and the litigious motive of Curtis, and the want of any aggravating circumstances to enhance the damages beyond a nominal amount. (Bradshaw v. South Boston Railroad, 46 American Reports, 481; Hufford v. Grand Rapids Railroad, 53 Michigan, 118; Townsend v. New York Central, 15 American Feports, 419 (56 New York, 295); Frederick v. Marquette Railroad, 26 American Reports, 531 (37 Michigan, 342); Yorton v. Milwaukee Railroad, 41 American Reports, 23 (54 Wisconsin, 234); McKay v. Ohio Railroad, 26 American State Reports, 913 (34 W. Va., 65); Shelton v. Lake Shore Railway, 29 Ohio State, 214; Chicago Railroad v. Griffin, 68 Illinois, 504; Peabody v. Oregon Railroad, 21 Oregon, 121; L & N. R. R. v. Wilsey, 9 Kentucky Law Reporter, 1010; Atchison & Topeka R. R. v. Gantz, 38 Kansas, 608; Mosher v. St. Louis Railroad Company, 23 Fed. Rep., 326; Mahoney v. Detroit R. R., 93 Michigan, 612; Hall v. Memphis R. R., 15 Fed. Rep., 57; Brown v. Memphis R. R., 7 Fed. Rep., 51; Hall v. Memphis R. R, 9 Fed. Rep., 585; McGee v. Oregon R R., 46 Fed. Rep.; 734; Southern R. R. v. Hinsdale, 38 Kansas, 507; Southern R. R. v. Rice, 38 U. S., 398; De Lucas v. New Orleans R. R., 38 La. Ann., 930; Hutchinson on Carriers, sections 580 to 593; Beach on Railways, section 896; Wood on Railways, section 359.)

4. The driver and the company are in no event responsible further than for causing Curtis to leave the car. His subsequent arrest and im-

prisonment by the policeman for disorderly conduct were not by the authority, or with the knowledge, of the driver or the company. (Cunningham v. Seattle R. R., 3 Washington Reports, 471; Railway Company v. Donahoe, 56 Texas, 162; St. Louis Railway v. Trimble, 54 Arkansas, 354.)

5. The verdict of one thousand dollars on the first trial was properly set aside by the court below, because it was palpably excessive; the plaintiff, Curtis, being entitled to only nominal damages, if any. (Beach on Railways, section 892; Terre Haute R. R. v. Van Atta, 74 American Decisions, 96; C. & N. R. R. v. Peacock, 48 Ill., 257; Southern R. R. v. Hinsdale, 38 Kansas, 507; Staples v. Schmidt, 26 Atlantic, 193; Alabama R. R. v. Gibbs, 72 Miss.; Booth's Street Railway Law, 410.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant took passage on the defendant's street car, to be conveyed from his house to his law office in the city of Louisville. The fare was five cents. The appellant, not having the exact change, handed the driver a fifty cent piece in coin, and requested the change for it. The driver gave him a package of nickels marked fifty cents. The appellant immediately, and in the presence of the driver, though his attention at the time might have been directed to the front, counted the nickels, and they were short five cents, and while still in the driver's presence and with the nickels in his hand, he called his attention to the shortage and demanded the correct change. The car driver not denying the shortage, refused to give the appellant the correct change, saying that he had received it at the appellee's office just as it was, at fifty cents, and that if there was a shortage the company must correct it, not he. He then requested the appellant to put five cents fare in the box, and when the car reached the next station, which was but a few minutes run, the office would correct

the mistake, and that he, the driver, would go with him to the office and make a statement in reference to the mistake. The appellant declined to put the five cents in the box or to pay in any way an additional sum, saying that the driver having refused to give him back the correct change, had retained the fare and that he would not pay it again. Thereupon, the driver called a policeman and caused him to eject the appellant from the car. The appellant brought this suit to recover damages. The first trial resulted in a verdict for one thousand dollars in damages, which was set aside by the court, and on the second trial the court instructed the jury peremptorily to find for the appellee. The appellant appeals.

By the rules of the appellee a passenger that gets on a street car must deposit his fare in the box within one block. The driver must not receive the fare, &c. When it is necessary to enforce the rules or to preserve order the driver may call to his assistance a policeman. These rules are reasonable, and the appellant was aware of them. The question is, was he, under the circumstances, excusable for not putting the nickel in the box as required, and was the driver inexcusable for ejecting him on account of his refusal?

The appellee furnishes its drivers with change fixed up in small sums in packages for the accommodation of passengers in the payment of their fare. The drivers are charged with the change, and any shortage in the sum with which they are charged falls upon them, unless corrected by the company. It seems that the fear of the driver that the company would

not make good to him the shortage, and that the loss would fall upon him if he made up the shortage, caused him to prefer that the company should make the correction.

It admits of no doubt, from the evidence, that the package contained a shortage of five cents. Now, as said, the appellee's rules were reasonable, and if a passenger refused to comply with them, the appellee would have the right to expel him for non-compliance. But the question is, could the driver, who was authorized to make change on behalf of the appellee and for its benefit, as well as that of the appellant, retain a nickel by mistake belonging to him, and then compel him to put the fare—another nickel—in the box, because the rule of the company required the appellant to put his fare in the box? Now the appellant had placed the nickel in the hands of the driver, and he was authorized, under the rules, to put it in the box. He received the half dollar and retained five cents too much, the amount of the fare, and he would not give it to the appellant, but required him to pay his fare in addition. The retention of the five cents was, under the circumstances, a payment of the fare which the driver could have put in the box had he desired. But whether he put it in the box or not did not concern the appellant, because he had paid his fare and was entitled to his ride. The mistake as to the amount that was in the package was that of the appellee and not that of the appellant; and this court adheres to the rule intimated in Wilsey v. L. & N. R. Co., 83 Ky., 511, which is sustained by other cases, that if a passenger has paid

his fare and the company fails to furnish him with proper evidence of the fact, he is nevertheless enti-, tled to his ride, because the mistake is that of the company and the passenger ought not to be prejudiced by it, and that the company is responsible for any damages that the passenger sustains in consequence of being ejected by the company. The request of the driver to adjust the matter is competent to go to the jury in mitigation of damages, and what occurred after the appellant got off the car should not go to the jury unless it was done by the appellee's authority.

The judgment is reversed, &c.

---

CASE 102—INDICTMENT—SEPTEMBER 23.

APPEAL FROM PIKE CIRCUIT COURT.

