Webb. &c., v. Smith, &c.

CASE 3—PETITION EQUITY—MARCH 5.

Webb, &c., v. Smith, &c.

| 99 | 11 |
| 99 | 229 |
| 99 | 11 |
| 103 | 452 |

APPEAL FROM FULTON CIRCUIT COURT.

1. The petition provided for by sec. 4464 of the Kentucky Statutes to be directed to the county judge preliminary to the calling of an election taking the sense of the voters of a proposed graded school district upon the proposition whether or not they will vote an annual tax for school purposes, should be filed with the county judge in term time, and the election therein provided for should not be ordered till the next regular term of the county court.

ED. THOMAS FOR APPELLANTS.

1. Section 4464 of Kentucky Statutes only requires that the county judge shall at the next term after he receives the petition make the order directing the sheriff to hold the election, etc.; and does not require that the petition shall be filed during a term of court, or that it shall lie over from one term to another. (Kentucky Statutes, sec. 4464.)

2. Section 4466, Kentucky Statutes does not require that the order of the county judge shall be advertised by written or printed bills to be posted, etc.; but requires the election to be advertised in that way. (Kentucky Statutes, sec. 4466.)

ROBERTSON & FLOURNOY AND J. C. FLOURNOY FOR APPELLEE.

1. Section 4464, Kentucky Statutes, plainly contemplates that the petition asking that the election be called, should be presented to the county judge in open court at a regular term, and filed of record. And it was manifestly the intention of the Legislature that all such proceedings should be had in open court.

2. The petition did not lie over from one term to another before the order for the election was made, and the order is therefore void. (Doores v. Varnon, 15 Ky. Law Rep., 244.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellees obtained an injunction preventing the collection of a tax levied for the purpose of changing the com-

mon school district, No. 1, in Fulton county, to a graded
school district. The proceeding was had under section 4464
of the Kentucky Statutes.  The objection made and sus-
tained below was a failure to comply with the section au-
thorizing the change.

On the 6th day of July, 1894, a petition was lodged in the
clerk's office, signed by ten taxpayers, asking that an elec-
tion be held in the district for the imposition of the tax in
order to have this graded school.  On the 9th of the same
month, it being county court, an order was made by the
county judge calling the election to be held on the 20th of
August.

It was insisted below, and we think properly, that the pe-
tition should have been presented to the county judge in
term time and made a part of the record of the court.  The
statute provides that he shall not make the order calling the
election until the next regular term after he receives the
petition showing the necessity of having an entry of some
description showing when the petition was received by him.
The county court is a court of record, and the records must
show that proper steps have been taken to comply with the
law, and not leave the question as to when the petition was
filed or received in the bosom of the judge alone, or allow
the parties in interest to hand him the petition on the street
or the highway without any evidence whatever of record to
show that any such petition was ever filed except that made
at the time the election is ordered.  The petition must be
filed at the one term and the order made at a subsequent
term.  The conversion of a common school district into a
graded school district subjects the parties within the boun-
dary to a tax for that purpose, and those interested should
have some notice of the change contemplated, as was held

in Doores v. Varnon, 15 Ky. Law Rep., 244, so as they may have opportunity to resist the application by showing, if they can, that the parties applying are not taxpayers or making suggestions as to the location of the boundary line. The filing of the petition at one term is the notice required, and, when filed, at the next term the order can be made.

Judgment affirmed.