CASE 21—INDICTMENT—MARCH 27.

# Cole v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

1. LOCAL OPTION—STATUTORY CONSTRUCTION.—Under sec. 2554 of
the Kentucky Statutes, providing for the holding of elections to
determine whether spirituous, vinous, or malt liquors shall be
sold in any county, city, town, .district, or precinct, each sub-
division named in the statute is entitled to determine the
question for itself. And where under the provisions of the local
option law, the county judge of a county orders an election
to be held in the county upon a given date, and at the same time
upon the petition of the residents of a precinct or city in the
county orders an election to be held in such precinct or city
upon the same date, and the result is against the sale in the
county as a whole, but in favor of the sale in the city or
precinct, the right to sell in the city or precinct still ex-
ists, and is not affected by the result of the vote in the county
as a whole.

GEORGE E. PREWITT AND THOMAS H. HINES FOR APPELLANT.

1. It was the manifest purpose and intention of the framers of
the Constitution, and the local option law, that the whole
question of local option should be purely local, and that each
division and subdivision should have the right to determine for
itself whether or not liquor should be sold within its borders.
It was plainly the intention to change the old policy. Secs. 61
and 147, Ky. Constitution; Tabor v. Landor, 94 Ky., 237; Ky.
Stat., secs. 2554-2560; McTigue v. Commonwealth, 99 Ky.,
66; Commonwealth v. Hardin, County Court, 99 Ky., 188; Laff-
erty v. Huffman, 99 Ky., 80; Brown v. Commonwealth, 17 Ky.
Law Rept., 1218; Brann v. Hart, 17 Ky. Law Rept., 462.

VICTOR F. BRADLEY FOR APPELLEE.

1. The language of the statute is clear and explicit, and if human
thought can be conveyed by human language, it certainly meant
that when the vote was taken in the county as a whole, that

it was thereafter unlawful, in any case, to sell liquor in the borders of the county.

JAMES B. FINNELL ON SAME SIDE.

1. The legislature has the power to regulate the sale by retail of intoxicating liquors as a beverage, when, in its opinion, the peace, health, and order of society demand it. Stickrod v. Commonwealth, 86 Ky., 290; Anderson v. Commonwealth, 13 Bush, 485; Commonwealth v. Weller, 14 Bush, 218; Sarles v. Commonwealth, 83 Ky., 237.

HOLT & HOLT IN PETITION FOR REHEARING.

1. The statute in its language is so plain that it construes itself, and if there was any doubt of its proper construction, a review of the history of legislation in this state on the subject, is convincing that the court has a wrong idea of the meaning of the statute.
2. The framers of the Constitution evidently intended by sec. 61 of that instrument, to make the entire county a unit in such elections.

JAMES B. FINNELL IN PETITION FOR REHEARING.

The language of sec. 2560, of the Kentucky Statutes (part of the local option law), seems to have been overlooked by the court, and by the attorneys. A close examination of it will disclose the manifest meaning,—different from the conclusion reached by the court. It provides for the taking of a vote by the entire county, and then only exempts from the result of that vote if it be in favor of the sale, those localities which may be under special acts prohibiting the sale.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was indicted and fined for selling spirituous, vinous and malt liquors in violation of what is commonly called the local option law, under these circumstances:

Upon application by written petition, signed by the requisite number of legal voters in Scott county, and upon applica-

tion at the same time by like petition, signed by the requisite number of such voters in the city of Georgetown, in that county, the judge of the county court at its July term, 1896, directed an election to be held on August 14th, thereafter, in the county of Scott, in pursuance of one application and petition, and at the same time in the city of Georgetown in pursuance of the other application and petition, and directed the sheriff of the county to open a poll in each of the precincts of the county (city included), and in each of the precincts of the city, for the purpose of taking the sense of the legal voters therein respectively upon the proposition whether or not spirituous, vinous or malt liquors should be sold, bartered or loaned therein. The result was against the sale in the county election, and for the sale in the city election. Thereafter appellant, under authority of licenses granted him by the city and county court, sold such liquors within the limits of the city, and in defense of the prosecution against him, which followed, relied on the result of the city election as authorizing the sale.

There is no preliminary question involved, the proceedings in each election being entirely regular and in accordance with the statute, the first and controlling section of which reads as follows:

"Upon application, by written petition, signed by a number of legal voters in each precinct of the territory to be affected, equal to twenty-five per cent. of the votes cast in each of said precincts at the last preceding election, and, when for town or city elections, the number of votes cast at the last city or town election. it shall be the duty of the judge of the county court in such county, at the next regular term thereof

after receiving said petition, to make an order on his order book directing an election to be held in said county, city, town, district or precinct, as the case may be, on some day named in the petition, not earlier than sixty days after said application is lodged with the judge of said court, which order shall direct the sheriff, or other officer of the said county who may be appointed to hold said election, to open a poll at each and all of the voting places in said county, city town, district, or precinct on said date, for the purpose of taking the sense of the legal voters of said county, city, town, district or precinct, who are qualified to vote at elections for county officers, upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or whether or not any prohibition law in force in any county, city, town, district or precinct, by virtue of any general or special act or acts, shall become inoperative; and counties, cities, towns, districts and precincts in which the sale, barter or loan of spirituous, vinous or malt liquors are now prohibited may have a vote thereon under the provisions of this act." (Section 2554, Kentucky Statutes.)

Other provisions regulating the details of the election and making the vote effective follow, none of which are here involved.

It is the contention of the State that no separate election in the city can be had on the proposition involved at the time of an election throughout and for the entire county on the same question, and if such an election be held it is ineffective for any purpose, and must yield to and be controlled by the result of the county election. "Otherwise," say counsel, "each district might do the same thing, and the county as a

whole might vote in favor of local option, and yet every precinct in the county except one vote in favor of license, the result being that the county as a whole might vote against the sale, yet in nineteen-twentieths of it such liquors might be sold."

This may be conceded, but, instead of being an argument against the position of appellants, it furnishes a strong argument in its favor.    For if such liquors may be so sold, it is because the voters of these precincts, upon whom the right is conferred to settle the question for themselves, desire them to be sold.    The local feature of the statute is kept prominent in every part of it.    Each subdivision in emphatic terms is given a right to determine for itself its local wants, and if it may not do so independently of other local prefer-ences, it is denied a right expressly given by the language of the law.

It may be said, and truly, that the same right is given the county, but if simultaneously with the exercise of its right to vote on the question, a smaller and independent subdivi-sion of the county, upon which is also conferred the right to exercise its choice, does exercise it with different results, there is no other way to uphold the law in its entirety than to treat the territory of the smaller subdivision as excepted from the domination of the larger, if it chooses to act inde-pendently.

This construction may not produce satisfactory results in all instances, but under it the controlling vote in the large cities can not dictate the policy of the outlying precincts, or make lawful the sale of whisky therein, where it is usually obnoxious.

It is conceded that by a vote, previous to the county election, the town may decide this question for itself, and may maintain its choice by expressing it again at the county election, and it is also conceded that it may so decide for itself subsequently to the county election.

We see no reason, therefore, why the smaller subdivision may not exercise its choice at any time it pleases, subject, of course, to the limitation provided by the statute on the frequency of such elections.

The case of King v. Commonwealth, 86 Ky., 438, was decided under a different statute, and the other cases cited are not in point.

The judgment below is reversed, with directions to dismiss the indictment.