CASE 25—INJUNCTION—JANUARY 10.

# Turpin v. Madison County Fiscal Court, Etc.

APPEAL FROM MADISON CIRCUIT COURT.

1. FREE TURNPIKES—PETITION FOR—CALLED TERMS OF COUNTY COURT.—Under the act of March 17, 1896, concerning free turnpikes, it was not necessary that the application for a vote should have been filed at a regular term of the county court. Applications from more than fifteen per cent. of the voters of the county filed on the regular county court day and at subsequent called terms during the month were sufficient.

2. SAME—SPREADING CERTIFICATE OF ELECTION ON RECORD.—The provision of said act requiring that the certificate of election should be spread on the record at the next regular term is directory. Even, however, were the provisions mandatory, it was a sufficient compliance to have the result and certificate spread on the order book at a subsequent term.

3. SAME—VOTE ON BOND ISSUE—EFFECT OF ABANDONMENT.—The county authorities had power to abandon a vote held on the question of issuing bonds in aid of free turnpikes, and a vote had on such subject, when abandoned by the county authorities did not operate as a bar to a subsequent vote on the same subject.

4. SAME—BONDS—REQUIREMENTS OF.—The provision that the bonds are to run not more than thirty years and to be redeemed within that time at the pleasure of the court, is not violated by having the bonds issued in series maturing from six to twenty years.

NO COUNSEL FOR APPELLANT.

J. TEVIS COBB FOR APPELLEES.

1. It was a sufficient compliance with the free turnpike act to file the applications for a vote on the regular county court day and at subsequent called terms during the same month.

2. The election was duly advertised, the vote counted and certified.

3. The omission to spread the certificate upon the record at the next county court day was a mere irregularity.

4. The vote was sufficient. A majority of those voting on the propo-

Turpin v. Madison County Fiscal Court, &c.

sition was all that the law required. Montgomery County Fiscal
Court v. Trimble, 20 Ky. Law Rep., 827.

5. The bonds were within the discretion of the court. The issual
in series was a manifestation of the "pleasure of the court."

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By his suit in the Madison Circuit Court, the appellant,
a citizen and taxpayer of this county, seeks to enjoin the
issual, sale, and delivery of certain bonds of the county
about to be issued by the fiscal court in virtue of authority
claimed to have been conferred on that court by an election
for that purpose held in November, 1898. His first objec-
tion grows out of alleged irregularities in the preliminary
election of November, 1896, when the question of authority
to free the turnpikes of the county was submitted to the
vote of the people, under the act of March 17, 1896. That
act provides that "upon written application, directed to
the county judge of any county in this Commonwealth, ask-
ing for a vote in said county upon the proposition to have
free turnpike and gravel roads in said county, signed by a
number of voters of said county, equal to fifteen per cent. of
the vote cast at the last preceding  general or county election
in said county, it shall be the duty of the judge of the
county court, at the next regular term thereof after receiv-
ing said petition, to make an order in his book, directing
an election to be held," etc.   It appears that beginning
on the first day of the regular July term, 1896, of the
Madison County Court and thereafter, at called terms of
that court, during the month of July, written petitions
or applications, of the character required by the act,
supra, were presented to the county judge, and filed in the
county court, and the number of signers thereof was more
than fifteen per cent. of the vote cast at the last preceding
general and county election. The question raised is whether

the applications must have been filed at the regular July term in order to conform to the requirements of the act. The question has been fully answered in the case of Smith v. Patton, 19 R., 165, [45 S. W., 459]. The language of the act on the point involved is similar to the language of the act there construed, and it was contended that the petition for a vote, under the "local option" statute, could not be received and filed at a called term, but only at a regular term of the county court. This court then reviewed the cases of Doores v. Varnon, 94 Ky., 507, [22 S. W., 852]; Webb v. Smith, 17 R., 1308, [34 S. W., 704]; Wilson v. Hines, 18 R., 233, [35 S. W., 627]; and Cress v. Com., 18 R., 633, [37 S. W., 493]; and which were supposed to support the contention that the petition for a vote must be filed at a regular term—and it was held that such petition and application might be filed at a special or called term. We are of the opinion that the written applications presented to the county judge, and filed by him at the regular and called terms in July preceding the order for the election made at the regular August term, 1896, were in all respects in the matter of their form and substance, and in the manner and time of their being filed, entirely in conformity with the requirements of the law; and this is true as well of the orders subsequent to such filing, including the order of election. The vote stood 3,115 in favor of free turnpike and gravel roads, and 888 against them, and the vote was duly canvassed, and the result certified, by the proper board, along with the other election returns, as required by law.

But—and this brings us to the appellant's second objection—this result, or the certificate of the result, of the vote, while it was returned as the law requires, was not spread on the order book of the county court at the next

Turpin v. Madison County Fiscal Court, &c.

regular term of the county court after it was so lodged.
As the act directs this to be done, it is urged that the elec-
tion must be held to be ineffectual for the purpose for
which it was held. It does appear, however, that the
county judge at a subsequent term did have the result and
certificate spread on the order book, and this, we think, was
a sufficient compliance with the law. Besides, we are of
opinion that the election would in no respect have been
rendered invalid or ineffectual, even had the order never
been spread on the order book, the provision so requiring
being merely directory. It further appears that, in pur-
suance of the provisions of the act, *supra*, the fiscal court
made some effort to take a vote at the November election,
1897, on the question whether bonds should be issued for
the purchase and maintenance of the turnpike roads of
the county free of toll to the traveling public. But, while
the vote seems to have been sufficient to authorize the
issual of such bonds, the fiscal court did not exercise its
authority to do so, but ordered and called an election on
this question to be had at the November election, 1898.
It is now contended that the election of 1897 must operate
as a bar to any further election. We think otherwise. If
the bonds might have been issued under the vote in 1897,
and we see no reason why this might not have been done,
still they were not so issued; and the governing authorities
of the county might abandon or refuse to exercise the right
conferred by that vote, and acquiesce in the general belief
that the vote was not in fact sufficient to authorize the
issual of the bonds. Such, indeed, was the purport of the
decisions of the courts at that time. It was for that reason
that no steps were taken to issue and sell the bonds of the
county under the vote of 1897. Another election, alto-
gether regular in its call and manner and time of holding,

was held at the November election, 1898. The orders
precedent to, and subsequent to, the holding of this elec-
tion, were in strict accord with the provisions of the law.
The vote stood 3,013 in favor of the issual of the bonds,
and 673 against it, and hence the proposition to issue them
carried, under the law as recently construed by this court.
Montgomery County Fiscal Court v. Trimble, 20 R., 827,
[47 S. W., 773].

The only remaining question is with respect to the nature
and form of the bonds proposed to be issued. The act
provides that the bonds shall "bear interest not to exceed
6 per cent. per annum with coupons attached, payable semi-
annually; these bonds to be in denominations of not less
than one hundred dollars, or more than one thousand dol-
lars, to run not more than thirty years and to be redeemed
within that time at the pleasure of the court and to be sold
at not less than par value." It appears that the bonds pro-
posed to be issued are to run not more than twenty years,
and the fiscal court has fixed the time for their redemption
after the expiration of six years, and within twenty years,
from the date of their execution; certain of them falling
due the sixth year after the date of their execution, and
certain others falling due each successive year thereafter,
until the twentieth year, when the last of them are to be re-
deemed. It is contended that this plan of redemption is
not in conformity with the provision that the redemption
is to be "at the pleasure of the court." We are of opinion,
however, that to so fix the time of redemption, as is done
in the bonds proposed, is the exercise of the "pleasure of
the court," within the meaning of that provision of the act.
The statute did not contemplate that the time of redemp-
tion was to be left uncertain. This would certainly affect
injuriously the value of the bond. It was the intention

of the Legislature, we think, to leave the time at which the bonds were to be redeemed to the pleasure of the court within the thirty-year period, and this pleasure was to be exercised and the time fixed before the bonds were issued. In our opinion, after a careful examination of the record, the various orders, steps, and proceedings in the matters pertaining to the elections of 1896 and 1898 and the issual of the bonds, are absolutely regular and in accordance with the law, as is also the order for the annual levy to pay the interest on the bonds, and to create a sinking fund for their redemption, as provided in their terms. The judgment below so holding is affirmed.