Vol. 118]          APRIL TERM, 1904.          423

C. B. George & Bro. v. City of Winchester, &c.     Nunan v. Same.

CASE 53—MANDAMUS PROCEEDINGS BY C. B. GEORGE & BRO. AND BY
JOHN F. NUNAN AGAINST THE CITY OF WINCHESTER TO COMPEL
THE BOARD OF COUNCIL TO ISSUE EACH OF THEM A LICENSE TO
RETAIL LIQUORS IN SAID CITY.—JUNE 2.


# C. B. George & Bro. v. City of Winchester
## &c.   Nunan v. Same.

APPEAL FROM CLARK CIRCUIT COURT—J. M. BENTON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   REVERSED.

INTOXICATING LIQUORS—LICENSE—LOCAL OPTION—CITIES—BOARD OF
COUNCIL—POWERS—ARBITRARY ACTION—MANDAMUS.

1. Kentucky Statutes, 1903, section 2554, provides that the
   question may be submitted to the voters as to whether or not
   any prohibition law in force in any county, city, town, district or
   precinct by virtue of any general or special act or acts shall be-
   come inoperative. HELD, that where the local option law had
   been put in force in a county including defendant city, an elec-
   tion at which a majority of the voters in the city voted that the
   local option law should become inoperative in a certain precinct
   thereof was equivalent to a vote that liquors might be sold
   therein.
2. Kentucky Statutes, 1903, section 3490, a part of the charters
   of cities of the fourth class, providing that the council shall have
   power by ordinance to license, permit, regulate or restrain the
   sale of all kinds of intoxicating liquors within the limits of the
   city, or to restrain or prohibit the sale thereof within a mile of
   the limits thereof, should be construed in connection with the
   local option law subsequently enacted; and hence, where it was
   voted that a local option law in force in a county containing
   a city of the fourth class should be inoperative in a certain pre-
   cinct of such city, the board of council had no power to arbitrarily
   refuse to grant a license for the sale of liquors therein.
3. Where the board of council of a city of the fourth class arbi-
   trarily and wrongfully refused to grant a license for the sale of
   intoxicating liquors therein, mandamus was the proper remedy
   to compel them to grant the same.

C. B. George & Bro. v. City of Winchester, &c.　　Nunan v. Same.

J. M. STEVENSON, ATTORNEY FOR APPELLANTS.

### PROPOSITIONS OF LAW AND CITATIONS OF AUTHORITY.

1. The board of council of a fourth class city has no power under its charter to prohibit the sale of liquors within the limits thereof.　(1) General powers of the city council.　Dillon on Public Corporations, sec. 89.　(2) The city charter.　Ky. Stat., sec. 3490, sub.-sec. 27.　(3) Definition of the terms of the charter, "license," "permit," "regulate," "restrain" and "prohibit." Black on Intoxicating Liquors, sec. 227, pp. 271 and 273; Emporia v. Volmer, 12 Kan., 622.

2. After a vote under the local option law resulting in favor of the sale of liquor, the city council has no power to arbitrarily refuse to grant license to sell liquor in a precinct so voting. (1) The local option law.　Ky. Stat., sec. 2560.　(2) Effect of vote under local option act.　Cole v. Com., 19 R., 325; Com. v. Bottoms, 22 R., 411; Com. v. Overby, 21 R., 843; Hoke v. Com., 14 Bush, 674.　(3) Discretion of the board of council.　Encyclopedia of Law, vol. 17, p. 255 (2d Ed.); Black on Intoxicating Liquors, sec. 171; Riley v. Rowe, 23 R., 2168; United States v. Douglass, 19 D. C., 99; Pierce v. Com., 10 Bush, 7.

3. The remedy by mandamus lies to compel the issue of license to an applicant when the licensing authority acts arbitrarily and abuses its discretion.　Ency. of Law, vol. 17, p. 260; Black on Intoxicating Liquors, sec. 172; Zanone v. Mound City, 103 Ill., 552; *In re* Prospect Brewing Co., 127 Pa. St., 523; *In re* Sparrow, 20 Atl. Rep., 692; Hodges v. Metcalfe County Court, 76 S. E., 381 (Ky.); State *ex rel.* Edward Galle v. City of New Orleans; ——, Southern Reporter.

J. F. WINN, ATTORNEY FOR APPELLENTS.

### PROPOSITIONS OF LAW AND AUTHORITIES CITED.

1. A board of council has not absolute power to arbitrarily refuse to grant license to retail liquor in a precinct which has voted in favor of the sale.

(1) Constitutional provisions.　Constitution of Ky., sec. 61; Constitution of Ky., Sec. 59, subsec., 27.

(2) Local Option Act.　Ky. Stat., chap. 82, sec. 2560.

(3) Effect of vote and construction of law.　Com. v. Overby, 21 Ky. Law Rep., p. 843; Cole v. Com., 19 Ky. Law Rep., p. 325; Smith v. Patton, 20 Ky Law Rep., p. 412.

(4) Provisions of city chapter.　Ky. Stat. sec. 3490, subsec. 27;

C. B. George & Bro. v. City of Winchester, &c.    Nunan v. Same.

(5) Definition of terms, "license," "regulate," "restrain" and "prohibit." Black on Intoxicating Liquor, sec. 227, p. 273.

(6) Power and discretion of city council. Brown v. Com., 17 Ky. Law Rep., 1218; Black on Intoxicating Liquors, sec. 171; Schlaudecker v. Marshall, 72 Pa. St,, 200; 17 Am. & Eng. Ency. of Law (2nd Ed.), p. 255; Riley v. Rowe, 21 Ky. Law Rep., 2168.

2. The proper remedy, mandamus. Black on Intoxicating Liquors, sec. 172 and cases cited; Riley v. Rowe, 23 Ky. Law Rep., 2171; City of Louisville v. Kean, 18 B. M., 18; 17 Am. & Eng. Ency. of Law (2d Ed.), 260; Zanone v. Mound City, 103 Ill., 552; In re Sparrow, 12 Atlantic Rep., 692; City of Lebanon v. Knott, 24 Ky. Law Rep., 1992; Hodges v. Metcalfe County Court, 76 S. W., 381.

PENDLETON & BUSH, ATTORNEY FOR APPELLEES.

## POINTS AND AUTHORITIES.

1. The boards of council in cities of the fourth class have, at any time, the power and authority to refuse to grant any retail liquor license, and to revoke or suspend any such license, when the board shall deem it necessary so to do, in order to preserve the peace and good morals of said towns, and said boards of council are the exclusive judges of the necessity. Subsection 27, sec. 3490, Kentucky Statutes; Riley v. Rowe, &c., 23 Ky. Law. Rep., 2168; Black on Intoxicating Liquors, secs. 220 and 227.

2. A vote in a precinct, resulting in favor of the local option law in that precinct becoming inoperative, puts back in force the general law relating to the retail of liquor.

3. The courts can not control the discretion of boards of council of fourth class cities, in granting or refusing to grant retail liquor licenses, and every presumption is to be indulged in favor of the exercise of such discretion being proper.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

On June 27, 1896, by a vote of the people of Clark county, the local option law was put in force in the county, including the city of Winchester. On June 28, 1899, an election was held in the North Winchester precinct to determine whether the local option law should become inoperative in that precinct. A majority of the voters voted that it should become inoperative therein. Winchester is a city of the fourth

432            KENTUCKY REPORTS.            [Vol. 118

C. B. George & Bro. v. City of Winchester, &c.   Nunan v. Same.

class.   The appellants applied to the board of council for
licenses to sell spirituous, vinous, and malt liquors in that
precinct.   Without giving the appellants an opportunity to
be heard upon the question as to whether they were suitable
persons to carry on the business, the board of council ar-
bitrarily refused to grant a license.   Thereupon it adopted
a resolution expressing the sense of the board that no
license to sell spirituous, vinous, or malt liquors should be
"granted in the city of Winchester during the period of two
years, our terms of office."   The appellants instituted these
proceedings to compel the board of council to grant each a
license to sell liquors.   It is averred in the petitions that
the plaintiffs are men of good character, and suitable persons
to conduct the business of selling liquors.   The real question
to be determined is, can the board of council of a city of the
fourth class arbitrarily refuse to grant a license to retail
liquor in a precinct which has voted in favor of the sale?

More than three years had elapsed from the time the
vote was taken upon the question as to whether the local
option law should be in force in Clark county to the date
when the vote was taken in the North Winchester precinct
on the question of the local option law becoming inoperative
in that precinct.   Section 61 of the Constitution makes it
the duty of the General Assembly to provide by general law
a means whereby the sense of the voters of any county, city,
town, district, or precinct may be taken as to whether or not
spirituous, vinous, and malt liquors shall be sold, bartered
or loaned therein, or the sale thereof regulated.   As required
by that section, the General Assembly passed a local option
law for the State.   The General Assembly has left to the
decision of each local community under which of two policies
it shall live—the license system or prohibition—and author-
ized the people to take a vote at certain intervals, and thus

change from one system to the other as they see proper. Sections 2561, 2563, Ky. St., 1903; Cole v. Commonwealth, 101 Ky., 151, 39 S. W., 1029, 19 Ky. Law Rep., 324; Smith v. Patton, 103 Ky., 444, 45 S. W., 459, 20 Ky. Law Rep., 165; Commonwealth v. Overby, 53 S. W., 36, 21 Ky. Law Rep., 843; Commonwealth v. Bottoms, 57, S. W., 495, 22 Ky. Law Rep., 412.

It is urged that the voters did not vote upon the question as to whether liquors should be sold in North Winchester precinct, because a vote that the local option law should be inoperative is not equivalent to voting that liquors might be sold. It is expressly provided in section 2554, Ky. St., 1903, that the question may be submitted to the voters "whether or not any prohibition law in force in any county, city, town, district, or precinct by virtue of any general act or special act or acts shall become inoperative." The question as provided by the statute was submitted to the voters of the precinct in question. It is evident that every voter, when he voted, knew that he was expressing his opinion upon the question as to whether or not liquors should be sold in the precinct. It is the substance of the act done, not the form, that determines its quality and effect.

It is insisted that the board of council had the right to arbitrarily refuse to grant the license to sell liquors by virtue of the charters of the cities of the fourth class, which is section 3490, Ky. St., 1903. It reads as follows: "The council shall have power by ordinance to license, permit, regulate or restrain the sale of all kinds of vinous, spirituous or malt liquors within the limits of the city, or to restrain or prohibit the sale thereof within one mile of the limits thereof, provided nothing herein shall be construed as granting the power or right to one town or city to license, per-

mit, regulate, restrain or prohibit the sale of vinous, spirit-
uous or malt liquors in any other town or city, and may fix
the penalty or fine for violation of an ordinance under this
section at any sum not exceeding one hundred dollars: pro-
vided, that no license to sell such liquors, to be drunk on the
premises where sold, granted under this section, shall be for
a less amount than two hundred and fifty dollars nor for
a greater amount than one thousand dollars.  For license to
sell same by retail, for medical purposes, they may charge
not less than fifty dollars nor more than five hundred dol-
lars.  For license to sell same by retail in quantities not less
than  a  quart  they  may  charge  not  less  than  one
hundred  dollars  nor  more  than  five  hundred  dollars.
The board of council shall, at any time, have the power and
authority to refuse to grant any license, and to suspend or
revoke any license granted under or by virtue of the au-
thority conferred by this section, when the board shall deem
it necessary so to do in order to preserve the peace or good
morals of said towns, and said board of council shall be the
exclusive judges of the necessity."  The act for the govern-
ment of cities of the fourth class became a law before the
local option law was passed.  Until that act was passed
and put in force, the board of council's authority was de-
fined by that section.  This section provides that the board
of council may license, permit, regulate or restrain the sale
of liquor within the limits of the city, or to restrain or
prohibit the sale within one mile, of the limits thereof.
After Clark county, including the city of Winchester, voted
that liquor should not be sold within the limits of the county,
no one would seriously contend that the board of council
could grant a license to sell liquor within the city of Win-
chester.  Why not?  Because the General Assembly, by
virtue of the Constitution, had placed it within the power

of the voters to prohibit the sale of it in Clark county. The board of council could not nullify the action of the voters in putting in force a law which prohibited the sale of it. It was the intention of the constitutional convention and the General Assembly that the voters in the counties, or political subdivision thereof, or municipalities therein, should determine whether they would live under the license or prohibition system. If the section in question would not authorize the board of council to grant licenses when the voters had put in force the local option law, it certainly would not authorize them to arbitrarily refuse a license when a majority of the voters had decreed that liquor should be sold within the given territory. To the extent that section 3490 apparently authorizes the board of council to refuse a license to sell liquor where a majority of the voters voted to sell it, or to license it where they have voted to prohibit its sale, it is invalid. The section must be read in connection with the local option law. It is the duty of the board of council to grant the license to an applicant at a proper place, if he is a proper person and applies in the proper way. The board of council can not refuse to grant a license under the conditions averred in the petitions. Riley v. Rowe, 112 Ky., 117, 66 S. W., 999, 23 Ky. Law Rep., 2168; Hodges v. Metcalfe County Court (116 Ky., 524, 25 R., 772) 76 S. W., 381. In Riley v. Rowe' a provision of the charters of cities of the sixth class was under consideration, and under that provision it was made the duty of the trustees to grant a license to sell liquors whenever a majority had voted therefor. The court, in construing the section, held that they should be required to grant a license to a proper person and at a proper place.

In our opinion, mandamus is the proper remedy.

The judgments are reversed for proceedings consistent with this opinion.