## Doody, et al. v. Bowman, et al.

(Decided February 9, 1911.)

### Appeal from Marion Circuit Court.

1. Intoxicating Liquors—Local Option Contest.—Where the petition for a local option election is filed on the same day that the order calling the election is made, the election will be void.

2. Notice of Contest.—If a statement of the grounds of contest is filed with the county clerk within ten days after the election, and a copy thereof delivered to the county judge, and a notice that

the grounds of contest have been so filed is published in the manner provided in section 2566 of the Kentucky Statutes, it will be sufficient.

3.  Estoppel of Contestants.—Persons who participate in a local option election are not estopped to contest it .

FINLEY SHUCK and BEN SPALDING for appellants.

LAFE S. PENCE, H. W. RIVES and JOHN R. THOMAS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this local option case the ground of contest was that the order calling the election was made on the same day that the petition was filed.  Section 2554 of the Kentucky Statutes, provides that:

"Upon application, by written petition, signed by a number of legal voters in each precinct of the territory to be affected, equal to twenty-five per cent. of the votes cast in each of said precincts at the last preceding general election, * ·* * it shall be the duty of the judge of the county court in such county, at the next regular term thereof after receiving said petition, to make an order on his order-book, directing an election to be held * * *,,

In Wilson v. Hines, 99 Ky., 221, which was also a local option contest, the petition was filed on the same day that the order directing the election to be held was made, and it was held that the order calling the election was unauthorized and void, the court saying:

"In our opinion it was intended that the petition should be received in court, and there made a matter of record by the proper order entered on the order book, showing that it has been received and filed and the purpose of it, and that the order for the election should be made at the next regular term of the court thereafter."

And this case was followed in Cress v. Commonwealth, 18 Ky. Law Rep., 633; Smith v. Patton, 103 Ky., 444.

In Locke v. Commonwealth, 113 Ky., 864, the petition was not filed in court at a term preceding the one at which the election was ordered, and the court said:

"The petition not having been properly filed, and the county judge having no authority to order the election, it was void."

In view of these decisions it is manifest that if they are permitted to stand, the election must be held void.

Counsel criticise the construction placed on the statute in the cases mentioned, but they have been too long adhered to to justify us in departing from the rule announced. The observence of it does not work any hardship or impose any unreasonable duty upon petitioners who desired to call an election. It is just as easy and convenient to file the petition at a regular, or a special term, as it was held in Smith v. Patton, supra, might be done, and have the election ordered at the next regular term, as it is to file the petition on the same day upon which the order calling the election is made.

But counsel insist that the notice given of the contest was not sufficient. The election was held on August 11, 1910, and on August 16th more than ten persons, citizens of and legal voters in the territory in which the election was held, filed in the office of the county clerk a notice signed by them, stating that:

"The undersigned citizens and legal voters of the city of Lebanon, Kentucky, in which an election was held on the 11th day of August, 1910, on the question of whether or not intoxicating liquors should be sold in said city, and in which election a majority of the votes as counted by the canvassing board have been counted in favor of the sale of such liquors, now protest against the issuance or recording of any certificate, and contest the result of said pretended election upon the following grounds, viz.: First, because it is shown by the records of the Marion county court that the petition for said election was filed on the 6th day of June, 1910, a regular term of the Marion county court, and on the same day and in the same order the said election was ordered by said court to be held on August 11th, 1910, and no other order of court filing said petition or ordering said election was made or entered at any regular or special term of said court, and for said reason the said pretended election was and is absolutely void and of no effect, and no vote cast thereat should be counted as a legal vote, and no certificate of such result can be received or legally recorded."

On the same day, a copy of this notice was delivered to the judge of the Marion county court. On August 20th, 1910, the following notice was delivered to the county judge:

"To Whom it May Concern:

"Notice is hereby given that B. F. Bowman, and others (giving their names) on August 16th, 1910, filed

in the office of the clerk of the Marion county court a statement of contest and grounds thereof, contesting the result of the local option election held in and for the city of Lebanon on August 11, 1910, under order of the Marion county court at the June term, 1910, thereof, and will prosecute and maintain the said contest as provided by law in such cases. Said contestants above named and each of them give you this notice that you shall not permit or record the certificates upon the records of the Marion county court.''

Copies of this last mentioned notice, on the day of its delivery to the county judge, were posted, one at the courthouse door and three others at public places in the city of Lebanon, and were caused to be published in a newspaper published in the city of Lebanon in two consecutive issues thereof, issued first after the notice was given.

Section 2566, of the Kentucky Statutes, regulating the procedure for the contest of local elections, provides:

''(2) Any number of the citizens and legal voters, but not less than ten, of the county, city, town, district or precinct in which the election has been held, shall have the right to contest any election held under this law, and shall be designated the contestants. Such contestants shall, within ten days after the final action of the examining board, file in the office of the clerk of the county court a written statement of the grounds of the contest, and shall cause a copy thereof to be served on the county judge, and shall give notice thereof by written or printed notices to be posted at the courthouse door of the county, and in three or more public places in the county, city, town, district or precinct in which the election has been held, and shall cause the same to be published in some newspaper of the county, when possible, for two consecutive issues, commencing not later than the first issue of the paper after filing the statement. When a notice of the contest shall be executed on the county judge, the certificate shall not be recorded. (3) Any number of the citizens an dlegal voters, not less than ten, of the county, town, district, city or precinct in which the election 'has been held, may resist the contest by filing in the office of the clerk of the county court a statement controverting the grounds of the contestants, and may state any additional grounds to sustain the election, and they shall be designated as the contestees.''

It seems to us that the requirements of this statute were fully and accurately complied with by the contestants. A written statement of the grounds of contest was filed in the office of the clerk of the county court within ten days after the final action of the examining board, and within the said ten days a copy of this statement was served on the county judge. Within the said ten days, notice of the fact that the statement was filed in the office of the county clerk was published in the manner required by the statute. The statute does not require the publication of a copy of the written statement setting out the grounds of contest that is filed with the county clerk. It is only necessary that notice of the fact that this statement has been filed shall be published, and this notice need not contain the grounds of the contest. Evidently the only reason for requiring the publication of the notice was to apprise the public of the fact that the election would be contested, so that any person desiring to controvert the grounds of contest might have opportunity to do so. (Derickson v. Conlee, 133 Ky., 373.)

It is further insisted that the contestants were estopped from contesting the election, because they participated in it; but this point is not well taken. Elliott v. Burke, 113 Ky., 479.

Wherefore, the judgment is affirmed.

JUDGE O'REAR not sitting.