[Civ. No. 1833.    Third Appellate District.—March 11, 1918.]

## TOWN OF CALISTOGA (a Municipal Corporation), Petitioner, v. I. C. ADAMS, as Town Clerk, etc., Respondent.

Municipal Corporations—Payment of Bonds—Construction of Act of 1901.—The act relating to the incurring of indebtedness by municipal corporations (Stats. 1901, p. 28) does not require payments to be made at annual consecutive periods in equal amounts, but only that payments shall not be less than one-fortieth part of the whole amount of the indebtedness.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to command a town clerk to countersign municipal bonds.

The facts are stated in the opinion of the court.

Wallace Rutherford, for Petitioner.

No appearance for Respondent.

THE COURT.—The petitioner prays for the writ of mandate of this court commanding the respondent, as town clerk of the town of Calistoga, to countersign certain bonds issued under the authority of an ordinance passed by the town of Calistoga. The ordinance provided that "said bonds shall be called 'Waterworks Bonds,' shall be forty in number, of the denomination of one thousand dollars each, and shall be numbered consecutively from 1 to 40, both inclusive, and shall be payable in numerical order consecutively, commencing with No. 1, in the manner following, that is to say: Bond No. 1 shall be paid on January 1, 1919, Bond No. 2 shall be paid on January 1, 1920, Bond No. 3 shall be paid on January 1, 1921, Bond No. 4 shall be paid on January 1, 1922, Bond No. 5 shall be paid on January 1, 1923." Bonds Nos. 6 and 7 were made payable on January 1, 1924, Bond No. 8 January 1, 1925, and so on throughout the series, payments being at regular periods but in irregular amounts, sometimes one bond maturing and sometimes two, bringing the final pay-

ment on January 1, 1939, twenty-one years after the issuance of the bonds.

Section 5 of the act relating to the incurring of indebtedness by municipal corporations, etc. (Stats. 1901, p. 28), reads, in part, as follows: "All municipal bonds issued under the provisions of this act shall be payable substantially in the manner following: a part to be determined by the legislative body of the municipality, which shall be not less than one-fortieth part of the whole amount of such indebtedness, shall be paid each and every year on a day and date, at the city treasury, to be fixed by the legislative branch of the municipality issuing the bonds, together with the interest on all sums unpaid at such date. . . . "

The objection now made to the manner in which the payments are to be made is that they do not conform to the statute, in that the annual installments are not uniform in amount. We see nothing in the act, either expressly or by implication, requiring that the payments shall be made at annual consecutive periods in equal amounts. The only limitation, apparently, is that payments shall not be less than one-fortieth part of the whole amount of the indebtedness.

At the argument the following cases were cited by petitioner which seem to support its contention: Simonton on Municipal Bonds, sec. 102; *Turpin* v. *Madison Co. Fiscal Court,* 105 Ky. 226, [48 S. W. 1085]; *Board of Commrs. of Kearney Co.* v. *Vandriss,* 115 Fed. 866, [53 C. C. A. 192]; *Keith Co.* v. *Citizens' Sav. & Loan Assn.,* 116 Fed. 13, [53 C. C. A. 525]; *City of Venice* v. *Lawrence,* 24 Cal. App. 350, [141 Pac. 406].

In our opinion the provisions of the ordinance are authorized by the statute, and, therefore, it is ordered that the writ prayed for in the petition be granted.