CASE 87—PETITION EQUITY—JUNE 13.

## Doores, &c., v. Varnon, &c.

APPEAL FROM LINCOLN CIRCUIT COURT.

ELECTION TO TAKE SENSE OF VOTERS AS TO IMPOSITION OF TAX—MANDATORY PROVISION OF STATUTE —Where an act of the Legislature which provided for taking the sense of the voters of the district upon the question of imposing a tax for a specific purpose, provided that the county judge. " upon a written petition signed by at least ten legal voters who are tax-payers," should make an order in his order-book " at the next regular term of his court after he receives said petition," directing the sheriff to open a poll, etc., the provision fixing the term of court at which the order should be made, was mandatory, and an election held under an order made by the county judge at the same term of court at which the petition was filed was void.

MILLER & OWSLEY FOR APPELLANTS.

The direction that the order of the county judge shall be made at the next regular term of his court after he receives the petition is mandatory, and not being complied with in this case, the order is void. Directions concerning the exercise of a delegated power to tax, have been universally held to be mandatory, and must be strictly complied with. (Bowling Green, &c., R. Co. v. Warren County Court, '10

Bush, 724; Campbell County Court v. Taylor, 8 Bush, 208; Cooley on Taxation, 257; Dillon on Mun. Corp., p. 104, note.)

W. G. WELCH for appellees.

The provision of the act fixing the time for making order is directory merely. (Sedgwick on Construction of statutes, 317, 323.)

JUDGE PRYOR delivered the opinion of the court.

It is only necessary to refer to one of the grounds relied on for a reversal of the judgment below. A tax was voted to create a graded school district within a certain boundary, including the town of Crab Orchard, in the county of Lincoln. The first section of the act under which the vote was taken makes it the duty of the county judge, "upon a written petition signed by at least ten legal voters, who are tax-payers in any civil district, town or city in his county, to make an order on his order-book, at the next regular term of his court after he receives said petition, fixing the boundary of any proposed graded free school district,   *   *   *   *   directing the sheriff to open a poll,   *   *   *   *   for the purpose of taking the sense of the legal white voters *   *   *   upon the proposition" whether or not they will vote an annual tax for the maintenance of the school, &c. See the act approved on May 4, 1888.

On the fourteenth of September in the year 1891, it being the regular term of the Lincoln County Court, a petition, purporting to be signed by the proper number of legal voters and tax-payers, was presented to the county judge and filed. On the same day the petition was filed or presented to the county judge an order was entered directing the sheriff to open a poll on the seventeenth of October, 1891, for the pur-

pose of sustaining or rejecting the application made
for this tax as provided by the act in question.

The tax having been voted, some of the tax-payers
obtained an injunction enjoining its collection, on the
ground that the order calling the election was pre-
mature, and, therefore, void. The statute in plain
terms empowers the county judge to make an order
for the election at *the next regular term after he
receives the petition*, and from this enactment the
right to impose the tax alone arises. The recognized
rule is, in cases of this character, where the power to
impose the burden is delegated to others upon the
result of a popular vote, that the act conferring the
power must be strictly complied with, and the ques-
tion arising in this case is: "Is the power given the
county judge to enter an order for the election at a
term succeeding the filing of the petition merely
directory or is it mandatory?"

The Legislature, doubtless, had some reason for
postponing the entry of the order to a subsequent
term, and the county court being a court of record,
the application made to the county judge and filed
was notice to the tax-payers of the purpose of the
petitioners to submit the question of taxation to the
popular vote. The postponement of the order to a
subsequent term gave additional time for considering
the question, and enabled those who were interested to
ascertain whether those making the application were
legal voters or tax-payers, and it being in the nature
of an *ex parte* proceeding, the greater the neces-
sity for giving to the voter all the time provided by
the statute for considering such questions as might

arise from the nature of the application. We are constrained, therefore, to hold that as the act authorizing this tax requires the order for the election to be made at a term succeeding that at which the petition is made, it must be regarded as mandatory.

The judgment dissolving the injunction is reversed, and cause remanded with directions to overrule the demurrer and for proceedings consistent with this opinion.