## Goodman v. Commonwealth.

(Decided April 19, 1916.)

### Appeal from Lyon Circuit Court.

1. Intoxicating Liquors—Criminal Prosecution—Sufficiency of Evidence.—In a prosecution for violation of subsection 2, section 2569b, Kentucky Statutes, which provides a penalty for the shipping of liquor into local option territory without placing on the package the name of consignor and consignee and a statement that such liquor is for the personal use of the consignee, and, for the making of such statements by the consignor knowing them to be false, held, that a shipment of liquor and making of such statement by the consignor upon receipt either of an unsigned order or of one which contained no statement that the liquor was for the personal use of the consignee, constituted evidence conducing to prove a breach of the statute.

2. Intoxicating Liquors—Criminal Prosecution—Jurisdiction.—An indictment under subsection 2, section 2569b, Kentucky Statutes, against the shipper of liquor for making a false statement that

the liquor was for the personal use of the consignee, on a package of liquor shipped into a local option county, will lie in that county, though the statement was written on the package in the county of shipment, as the deception was as well calculaed to mislead the public in the former county as if it had been written there.

BERRY & GRASSHAM for appellant.

DENNY P. SMITH and M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

The appellant, George H. Goodman, senior member of the partnership styled George H. Goodman Company, liquor dealers of the city of Paducah, was indicted in the Lyon circuit court for the offense of "shipping a package containing spirituous liquors to a person in a county where by law the sale of such liquors was at the time prohibited, bearing the name and address of the consignor and consignee, and also, the statement that said liquor was for personal use, knowing said statement was untrue and false."

By agreement of the parties a jury was waived and the case tried by the court upon the following agreed statement of facts, viz.:

"It is agreed between the Commonwealth and the defendant, Geo. H. Goodman, who is the senior member of said firm, that this case be submitted to the court for trial without the intervention of a jury upon the following agreed state of facts, to-wit: That on or about August 6, 1915, George H. Goodman Company, of Paducah, Ky., shipped to Sam G. Cash, at Eddyville, Ky., four quarts of spirituous liquors, that at said time the county of Lyon in which Eddyville is situated wherein by law the sale of spirituous liquors was prohibited and said Cash at said time lived in said county and that this shipment was made by George H. Goodman Co. to Sam G. Cash in pursuance to an order in words and figures as follows, to-wit:

"Paducah, Ky.

"Gentlemen:—Enclosed you will find $3.00 for which please ship to Sam G. Cash, Eddyville, Ky., 4 quarts of Old Oakford 100 proof.
"Yours truly.

"And it is further agreed that Sam G. Cash did not send said order nor know anything thereof, and did not accept said whiskey when it got to Eddyville and that he did not want same for his personal use nor at all, and that there was on the outside of the package containing said 4 quarts the name of the consignee and the name of the consignor and also the words: 'For the personal use of the consignee.'"

The trial resulted in the appellant's conviction and the infliction upon him of a fine of one hundred dollars. His dissatisfaction with the judgment of conviction led to this appeal. The indictment was returned under section 2569b, Kentucky Statutes, subsection 2 of which provides:

"It shall be unlawful for any person to consign, ship or transport in any manner whatsoever, or deliver any of the liquors mentioned in section 1 of this act to any person in any county, district, precinct, town or city where by law sale of such liquors is prohibited, or for any person residing in such prohibited territory to receive any such liquors, unless there appears upon the outside of the package containing any such liquors, except such as may be received by distillers, brewers, or wholesale liquor dealers, the following information: Name and address of the consignor, name and address of the consignee, and the statement either that such liquors are for personal and family use of the consignee, or for medicinal, mechanical, chemical, scientific or sacramental purposes. Any consignee accepting or receiving any package containing such liquors upon which appears a false statement, or any person consigning, shipping, transporting or delivering any such package, knowing that said statement appearing upon the outside thereof is false, shall be deemed guilty of violating the provisions of this act."

It is insisted for appellant that on a plea of not guilty, as made in this case, it was incumbent upon the Commonwealth to show by evidence that he consigned, shipped or transported the package of liquor in question to Sam G. Cash at Eddyville with knowledge at the time that the statement appearing upon the outside thereof, "for the personal use of the consignee," was false, and that there was no evidence showing such knowledge on his part. The first of these contentions seems to be sound, for it will be observed from the language of the statute, *supra,* that

to constitute the offense for which appellant was indicted, at the time of shipping the package of liquor he must have known that the statement, "for the personal use of the consignee," appearing upon the outside thereof, was false.

It remains to be seen whether the record before us furnishes any evidence that appellant, in putting on the package of whiskey shipped to Sam G. Cash at Eddyville the words, "for the personal use of the consignee," knew that they were false. It is manifest that the order upon which he claims to have shipped the whiskey did not advise him that it was for the personal use of the consignee for it contains no such statement. In addition, the order was not signed by Cash, the person to whom it directed the whiskey to be shipped. In view of these facts it is patent that appellant, in stating that the package of whiskey was for the personal use of the consignee, acted upon a mere assumption that such was the use to which it was to be put. He therefore acted at his peril and took the risk resulting from making himself sponsor for the truth of the statement, thereby obtaining the privilege of shipping the liquor into local option territory, a privilege of which he could not legally avail himself unless the statement was made. The provision of the statute which permits the shipment of intoxicating liquors into local option territory for the personal use of the purchaser or consumer, or other uses therein specified, is intended for the protection of other persons living in the community, rather than that of the dealer in and purchaser of such liquors. If it is not for the personal use of the consumer he has no right to purchase or have it shipped to him in dry territory, nor has the dealer the right to sell or ship it to him. If it is not sold for the personal use of the consumer and is not so used, there is nothing to prevent his selling it to others in violation of the local option law.

It was not necessary that there should have been a criminal intent on the part of appellant to violate the law. As said in People v. Rody, 52 Mich. 577, 50 Am. Reps. 270, Judge Cooley writing for the court:

"I agree that as a rule there can be no crime without a criminal intent; but this is not by any means a universal rule. Many statutes which are in the nature of police regulations, as is this, impose criminal penalties irrespective of any intent to violate them—the purpose be-

ing to require a degree of diligence for the protection of the public which shall render violation impossible." Locke v. Com., 24 R. 654; Ellison v. Com., 24 R. 657; City of Paducah v. Jones, 31 R. 1203.

There are a number of statutory offenses in which the law does not inquire into the intention of the person who violates the statutes. It is immaterial whether it was good or bad. It is the act constituting the offense that the law looks at and punishes and not the intention of the prepetrator. In other words, acts that are not done from compulsion or by necessity, if forbidden by statute, although not *malum in se*, are punishable as provided in the statute, notwithstanding they might have been done without criminal intent. Weyman v. Com., 14 Bush 466; Jellico Coal Co. v. Com., 69 Ky. 373. If it were conceded, however, that a criminal intent was necessary to constitute the offense with which appellant is charged, it might well be said that such intent would be presumed if the act constituting the offense were unlawful and voluntarily done. Thus, in Com. v. Bull, 13 Bush 666, it is said:

"When the legislature has declared that a given act shall be deemed unlawful, the person voluntarily doing said act will be charged with a criminal intent."

If a licensed dealer residing in a county where intoxicating liquors are permitted to be sold, should ship such liquor into local option territory to a resident thereof, upon an order therefor purporting to be signed by the latter, accompanied by the price to be paid for such liquor and stating that the liquor was for his personal use, such sale, though the order should turn out to be a forgery, would not violate the statute, unless the forgery were known to the licensed dealer at the time of the shipment of the liquor, or the circumstances attending the transaction were such as to put a person of ordinary prudence, situated as he was, upon inquiry as to its genuineness that would reasonably have led to discovery of the forgery. In such case the mistake on the part of the dealer would excuse the violation of the statute resulting from the sale; but as in the instant case the order upon which the liquor was shipped did not contain the information that it was for the personal use of the consignee and was not signed by the latter, these facts furnished some evidence conducing to prove knowledge on the part of appellant that the statement made by him on the package containing the liquor, that it was "for the personal

use of the consignee," was false. At any rate, if not sufficient to show such actual knowledge, they were amply sufficient to have created in the mind of an ordinarily prudent person, such as appellant is presumed to be, a doubt of the genuineness of the order and put him upon such inquiry as would have disclosed its spuriousness. Such inquiry could have been made by him of Cash, the supposed consignee, by telephone or mail. His failure to make such inquiry, together with the inadequateness of the order referred to, was obviously regarded by the circuit court as furnishing evidence sufficient to constitute the offense charged in the indictment.

Even if the order upon which appellant claimed to have shipped the liquor to Sam G. Cash had purported to have been signed by the latter, in the absence of a statement in the body of the order or his personal assurance otherwise given, that it was for the personal use of Cash, how could he have known it was to be applied to such use? The agreed statement of facts contains nothing to show that he acquired such information from any other source; hence, it does no violence to the evidence or to appellant's rights to say that if he had not been informed that the liquor was for the personal use of Cash, his statement to that effect placed upon the package was unauthorized and, therefore, known by him to be false.

The word "knowing" as used in the statute should be construed in the light of the evil the statute is intended to prevent and not given the technical meaning of criminal intent necessary to the committing of a crime *per se.* The object of the statute is not to define a crime, as such, but to prohibit the sale of intoxicating liquors in local option districts, except for the personal use of the purchaser or other uses therein specified; therefore the seller of such liquor to be shipped into such territory, in putting on the package the statement that it is for the personal use of the purchaser, must at least obtain of the latter the information that it is for his personal use and in good faith rely upon such statement.

We do not agree with appellant's counsel that the Lyon circuit court was without jurisdiction to try this case. Appellant was not indicted for illegally selling intoxicating liquors, therefore the rule announced in Josselson Bros. v. Commonwealth, 159 Ky. 168; Josselson Bros. v. Commonwealth, 158 Ky. 787; Commonwealth v. Gast,

143 Ky. 674; Parker v. Commonwealth, 147 Ky. 715; Weidemann Brewing Co. v. Commonwealth, 123 Ky. 556, that the sale is to be regarded as made where the order and money are received by the dealer at his place of business and the liquor there delivered to the carrier for transportation, does not apply. Here the indictment was for making the false statement on the package prohibited by the statute. Such statement that the liquor was for the personal use of the consignee, though written on the package at the place of shipment, was on it when it was attempted to be delivered to Cash in Lyon county and within local option territory, and the falsehood and deception involved in its use were as well calculated to deceive the public in Lyon county as in the county of shipment. In view of these facts the statute may well be said to have been violated in Lyon county.

We see no reason for disagreeing with the conclusion reached by the circuit court, hence the judgment is affirmed.