# Neal v. Manning, County Judge, et al.

Jan. 13, 1942.

B. B. Snyder for appellant.

J. B. Johnson for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Whitley county is local option territory as the result of an election held December 19, 1936, under the provisions of Section 2554c-1 et seq., Kentucky Statutes. In 1938 the General Assembly amended Section 2554c-1 by providing that in any county, city, town, district or precinct, which may become legally dry under the Local Option Act, a referendum may be held in such territory on the question whether nonintoxicating malt beverages con-

taining not more than 3.2% of alcohol by weight shall be sold. Acts 1938, chapter 5. On September 2, 1939, a petition signed by more than 25 per cent. of the legal voters of precinct No. 5 in Corbin, Whitley county, was filed in the Whitley county clerk's office requesting the county judge to call an election in the precinct for the purpose of taking the sense of the legal voters of said precinct upon the proposition whether the sale of nonintoxicating malt beverages containing not more than 3.2% alcohol by weight should be permitted in said territory, and requesting that the election be held on October 6, 1939. The county judge refused to call the election, and on September 8, 1939, a petition in equity was filed in the Whitley circuit court seeking a mandamus against the judge of the Whitley county court requiring him to enter an order on the order book of the Whitley county court calling the election requested in the petition theretofore filed in the county clerk's office. The county judge failed to appear, and on October 5, 1939, a default judgment was entered sustaining a motion for a writ of mandamus. In compliance with the judgment of the circuit court, the county judge called the election for December 9, 1939. The election was held and resulted in a majority vote for the sale of malt beverages containing not more than 3.2% of alcohol by weight. Thereafter a referendum was held in each of the following voting precincts in Whitley County, No. 4, No. 18, and No. 27, and in each instance a majority of the votes was in favor of the sale of malt beverages containing not more than 3.2% of alcohol by weight. Such malt beverages were distributed and sold in these four precincts until the decision by this court in Murphy v. Menefee, 288 Ky. 119, 155 S. W. (2d) 753, 757, rendered October 28, 1941. On November 1, 1941, the county attorney of Whitley county notified appellant, John Neal, who was a distributor of malt beverages, to cease the sale of such beverages in Whitley county and informed him that all persons selling malt beverages after that date would be prosecuted. Thereupon Neal brought this suit against the county judge, the county attorney and the sheriff of Whitley county asking for a declaration of rights and for an injunction against the defendants enjoining them from interfering in any way with the prosecution of his business of distributing malt beverages in the four precincts in which the voters had authorized the sale of such beverages. The circuit court adjudged that the four precinct

elections referred to in the petition were void, and that the sale of malt beverages containing 1% or more of alcohol by volume in any of said precincts is a violation of the Local Option Law. A demurrer to the plaintiff's petition was sustained, his petition was dismissed, and he has appealed.

It is appellant's contention that the judgment of the Whitley circuit court entered October 5, 1939, requiring the county judge to call a referendum for voting precinct No. 8 in the city of Corbin and the subsequent orders of the county judge calling elections in Precincts Nos. 4, 18, and 27 of Whitley county, though erroneous, have never been modified or set aside and therefore the doctrine of res judicata applies and the sale of malt beverages containing not more than 3.2% alcohol by weight in said precincts is legal. In Murphy v. Menefee, supra, chapter 5 of the Acts of 1938, amending Section 2554c-1, Kentucky Statutes, was before us for construction. The constitutionality of the Act was attacked, but we expressly refrained from expressing an opinion on that question and it is likewise unnecessary to decide the question of constitutionality in the present case. In the Murphy case an action was brought in the Lincoln circuit court against the judge of the Lincoln county court asking for a mandatory injunction to compel the defendant to call an election in precinct No. 3 of Lincoln county for the purpose of taking the sense of the legal voters of the precinct on the question whether the sale of malt beverages containing not more than 3.2% of alcohol by weight should be permitted in the precinct. Lincoln county was local option territory as the result of an election held in February, 1937. The circuit court sustained a demurrer to the petition on the ground that since the election held in Lincoln county in 1937 resulted in favor of local option the county as a whole became the unit in which subsequent local option elections must be held, and its status was not changed by chapter 5 of the Acts of 1938. On appeal to this court the judgment of the circuit court was affirmed. In concluding the opinion it was said:

"The 1938 Act is also assailed as being unconstitutional for various alleged reasons. But since we have determined that the 1938 Act preserved the previous status of Lincoln County which was legally dry before the passage of the 1938 Act and for that reason there is no authority of law for the holding

of an election in any precinct or other territory less than the whole county, we need not determine the constitutionality of the Act, which question is expressly reserved."

The decision in the Murphy case is conclusive of the question before us. If there is no authority of law for holding an election in territory less than the whole county where the county is local option territory, then the elections held pursuant to orders of the county court calling elections in single precincts in Whitley county are mere nullities and binding on no one. Providing for the holding of local option elections is a legislative function, and unless the Legislature has provided for such elections courts are without authority to call them. Where the Legislature has authorized an election to be held and has vested jurisdiction in a specified court to call it and has prescribed the manner of calling it, an order of the court in violation of any mandatory provision of the Act is void. Mullins v. Miller Bros. Company, 199 Ky. 139, 250 S. W. 815; Doores v. Varnon, 94 Ky. 507, 22 S. W. 852. A fortiori, an election, though held pursuant to an order of court, is void in the absence of any statute authorizing such an election. The case of International Harvester Company v. Commonwealth, 170 Ky. 41, 185 S. W. 102, 104, L. R. A. 1918D, 1004, involved an analogous situation. In that case it was held that a judgment for a fine rendered in a proceeding under an unconstitutional statute could be attacked collaterally in a proceeding by the Commonwealth to enforce its payment. In the course of the opinion the court said:

"If the case here presented involved an attempt to enforce satisfaction of a void judgment rendered in a civil action, whether void because the court in which it was rendered had no jurisdiction of the subject-matter or because it was founded on an unconstitutional statute, the defendant could, in either event, defeat its enforcement on that ground, or, without awaiting an action by the plaintiff for its enforcement, could himself, under the decisions in this jurisdiction, by suit enjoin its enforcement."

The ruling of the court on the demurrer to the petition was correct, and the judgment is affirmed.