# Nevels v. Commonwealth ex rel. Johnson, Commonwealth's Atty.

Feb. 17, 1942.

King Swope and Richard J. Colbert for appellant.

J. B. Johnson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Affirming.

This appeal presents for our determination the identical question, based on exactly similar facts, which was presented and determined adversely to appellant's contention by the decision of this court, in the case of Murphy v. Menefee, Judge, 288 Ky. 119, 155 S. W. (2d) 753, which was approved, followed and held conclusive of the same question when it was again presented upon exactly analogous facts in the yet more recent case of John Neal v. J. L. Manning, County Judge, et al., 158 S. W. (2d) 129, 289 Ky. 199.

In the instant case this same question, as stated supra, is again presented and arises out of substantially if not exactly analogous facts as those disclosed by the records in the Murphy and Neal cases and which are here, as there, to the effect that in September, 1936, a county wide local option election was held in Whitley county, Kentucky, under the provisions of the Local Option Law, chapter 1 of the Session Acts of 1936, Section 2554c-1 et seq., Carroll's Kentucky Statutes, on the question of whether they were in favor of adopting the Local Option Law in Whitley county as a unit. A majority of the voters of that county saw fit to adopt the Local Option Law at said election.

Thereafter the General Assembly, by Section 1, Chapter 5, of its 1938 Session Acts, repealed, amended and re-enacted the above cited Section 2554c-1 of the 1936 Local Option Law, by providing that:

"In any county, city, town, district or precinct *which may become legally Dry* under the Local Option Act, a referendum shall be held whenever a petition is filed in the county clerk's office of the county in which it is elected to hold a referendum and to which such petition there are attached signatures of voters of the local option territory in which a vote is asked, equal in number to twenty five (25) per cent of the total number of votes cast in the last regular election in said territory, designated by the petition to be voted in, at the next regular term of the County Court following the filing of the petition." (Italics ours.)

Further it was provided that the referendum should be held on the date specified in the petition on the question of whether non-intoxicating beverages, containing not more than 3.2% of alcohol by weight, shall be sold in the territory where such referendum is held.

Acting on the authority assumed given by this Section 2554c-1 as thus amended, on September 2, 1939, a petition, signed by more than 25% of the legal voters of precinct 5 of the city of Corbin, Whitley county, Kentucky, was filed with the clerk of the Whitley county court, requesting the county judge to call an election for the purpose of taking the sense of the legal voters of said precinct upon the proposition of whether the sale of nonintoxicating malt beverages, containing not more than 3.2% of alcohol by weight, should be permitted in said territory and requesting that such precinct election be held on October 6, 1939.

The county court, upon a hearing held on said petition on September 4, 1939, a regular county court day, entered an order refusing to call the requested election. Thereupon, on September 8, 1939, the petitioners filed a suit in equity in the Whitley circuit court against the county judge, seeking a writ of mandamus requiring him to call said election and to enter an order in the order books of the county court calling the precinct election, as previously requested by their petition filed in the county clerk's office.

On the same day (September 8), the county judge was duly summoned in said mandamus proceeding and notified that the petitioners would on September 18, 1939, move the circuit court for a mandamus against him, requiring him to call said election.

The county judge having failed to appear in court on the date set for the hearing of this motion, on October 5, 1939, a default judgment was entered sustaining the motion for a writ of mandamus, when, in compliance therewith, the county judge on November 6, 1939, entered an order calling the election for December 9, 1939.

The election thus called was on the date named held in the said Corbin precinct No. 5, and resulted in a majority vote being cast in favor of the sale in said precinct of malt beverages containing not more than 3.2% of alcohol by weight.

Like referendums, it appears, were held in other voting precincts in Whitley county, each of which likewise resulted in a majority vote being cast in favor of the sale of malt beverages containing not more than 3.2% of alcohol by weight.

Upon due certification on March 6, 1940, of the re-

sult of the referendum election here involved and held in Corbin precinct No. 5, and likewise such certification as to the result of some three or more other referendum precinct elections held in Whitley county, as having in each case been in favor of the sale therein of malt beverages containing not more than 3.2% of alcohol by weight, such malt beverages have since been sold and distributed by licensees in these precincts.

Since such certification on March 6, 1940, the appellant, Harry Nevels, has also conducted the business of wholesale distribution of such malt beverages in Corbin precinct No. 5 up until the decision by this court rendered October 28, 1941, in the case of Murphy v. Menefee, supra.

Thereupon, on December 5, 1941, the commonwealth, on relation of W. R. Henry, county attorney pro tem, brought this action in the Whitley circuit court against Harry Nevels, alleging that he was unlawfully conducting the business of storing, selling and distributing malt beverages in Corbin precinct No. 5, in violation of the provisions of the Local Option Law, which was then in full force and effect in said precinct by reason of there having been held on September 19, 1936, under and pursuant to the provisions of Chapter 1, Acts of the General Assembly of 1936, a local option election for the whole of said county as a unit, wherein the voters of said county adopted the Local Option Law as a unit, which is now and has been at all times since its adoption, in all parts of Whitley county, in full force and effect; further that the said defendant was then and had been for the period stated engaged in the unlawful sale of beer, containing 1% or more of alcohol by volume, in said Corbin precinct No. 5, which is local option territory, and is threatening to continue conducting such unlawful business in said territory unless restrained by the court; that plaintiff is entitled to an injunction against the defendant, enjoining and restraining him from the commission of the wrongs set out and from carrying on said unlawful business in any part of Whitley county and prayed that he be restrained from continuing to conduct said nuisance and that upon final hearing the court order the said nuisance abated, etc.

Defendant's demurrer to plaintiff's petition, seeking an injunction, was overruled, when defendant filed his answer and counterclaim and moved the court to grant

him an injunction in accordance with the prayer of his answer and counterclaim, restraining plaintiff and his successors in office from prosecuting, harassing or interfering with him in the operation of his wholesale distribution of malt beverages containing not more than 3.2% of alcohol by weight in Corbin precinct No. 5.

The plaintiff objecting to said motion, the court overruled same.

Plaintiff thereupon filed a general demurrer to the answer and counterclaim of defendant, when, the cause being submitted upon plaintiff's demurrer to defendant's answer and counterclaim, the court sustained said demurrer to each and every paragraph thereof. To this ruling the defendant objected and excepted and declining to plead further, the case was submitted upon the whole case and upon the motion of plaintiff for a permanent injunction. The court, being of the opinion that the local option election held in precinct 5 of the city of Corbin on December 9, 1939, was a nullity, that the order of the said court calling the said election was also a nullity and that the judgment of the Whitley circuit court rendered October 5, 1939, in the mandamus proceeding against the county judge of Whitley county, commanding and directing him to call said local option election in precinct No. 5 was also a nullity, adjudged plaintiff the relief prayed for in his petition, permanently enjoining defendant from possessing or selling any spirituous, vinous or malt liquor containing 1% or more of alcohol by volume for beverage purposes, either as a wholesale distributor or otherwise, in Whitley county and particularly in precinct No. 5 of the city of Corbin.

Further, when sustaining plaintiff's demurrer, the lower court ordered and adjudged that the answer and counterclaim of the defendant be dismissed, to which ruling the defendant objected and excepted and prayed an appeal from the aforesaid rulings, which was granted and is now before us for our decision as to their propriety.

In approaching our review and discussion of the challenged propriety of the court's action in overruling appellant's demurrer to plaintiff's petition and particularly in sustaining that of the plaintiff to defendant's answer and counterclaim, and in overruling appellant's motion for an injunction against plaintiff and his successors in office, enjoining and restraining them from inter-

fering with him in maintaining and conducting his business of sellig at wholesale and distributing such malt beverages in Corbin precinct No. 5, it may be noted that there is here presented but one question, as briefly and bluntly stated in brief of counsel for appellant, for the court to determine, which is:

> "Whether the recent decision in Murphy v. Menefee * * * and the rules therein announced can void Whitley circuit court orders entered (and not appealed from) more than two years before the institution of this case, and also thereby void an election held in 1939 in one of the precincts in Whitley county, when the said election was not contested or otherwise challenged within the statutory period."

Although such is admitted to be the one question presented for our decision, we may, however, here note that while plaintiff's petition, seeking preventive relief by injunction against the defendant, prohibiting him from further violations of the Local Option Law in precinct No. 5 of the city of Corbin, was (it would appear) not the proper procedure to be employed for preventing defendant's further violation of the Local Option Law, our determination of that procedural question is not here required, in that, at most it is to be regarded as but a side issue, which may be treated as waived in that it was neither considered nor argued in brief as being a material issue presented for our decision upon this appeal.

Therefore, conceding that the procedure here followed by plaintiff, in invoking the injunctive powers of equity to enjoin defendant from committing acts alleged to be of a criminal or penal character, as being in violation of the Local Option Law, was inappropriate, in view of the rule that "where acts complained of are violations of the criminal law, courts of equity will not on that ground alone interfere by injunction to prevent their commission, since they will not exercise their preventive powers for the purpose of enforcing the criminal laws by restraining criminal acts, nor will they ordinarily interfere to prevent the prosecution and punishment of crimes" (see 28 Am. Jur., Section 148, page 336, and the many Kentucky cases therein cited supporting the text), we need not further discuss the propriety of the lower court's overruling defendant's demurrer to plaintiff's petition, as same is not here presented as a material issue for our decision.

We may, therefore, now turn our attention to the discussion of the propriety of the court's further ruling, in sustaining plaintiff's demurrer to defendant's answer and counterclaim, also seeking injunctive relief to prevent plaintiff and his successors from interfering with him in the conduct of his alleged unlawful business of selling malt beverages in Corbin precinct No. 5, containing not more than 3.2% of alcohol by weight, which he contends he was authorized to do by reason of the result of the local option election held in Corbin precinct No. 5 under the provisions of Section 2554c-1, as same was amended by Chapter 5, Section 1 of the 1938 Session Acts.

Exactly this same question was presented in the Neal case, supra, wherein Neal, a wholesale distributor of malt beverages containing not more than 3.2% of alcohol by weight in Corbin precinct No. 5, filed a suit against the county officials to enjoin them from interfering with him in the conduct of said business in that precinct, on the grounds (there urged as here) that he was authorized, by the result of that local option election, to conduct said business therein, for the reason that the judgment of the Whitley circuit court, entered October 5, 1939, requiring the county judge to call the referendum election for precinct No. 5 of the city of Corbin, and the subsequent order of the county judge calling the election in said precinct, though erroneous, have never been modified nor set aside, and therefore the doctrine of res adjudicata applies in the sale of malt beverages containing not more than 3.2% of alcohol by weight, which is legal.

The circuit court in the Neal case sustained demurrer to plaintiff's petition, seeking an injunction against the defendant county officials, restraining them from interfering with him in the sale of malt liquors in precinct No. 5, on the ground that since the election held in Whitley county September, 1936, resulted in favor of local option, the county as a whole became the unit in which subsequent local option elections must be held and that such status of the county was not changed by Chapter 5, Acts of 1938, amending and re-enacting Section 2554c-1 of the 1936 Local Option Law.

On appeal from such ruling of the court in the Neal case, the court's decision rendered in the Murphy v. Menefee case (on the same question) was held conclusive of the question presented, approved and followed and

wherein, quoting from the Murphy case (288 Ky. 119, 155 S. W. (2d) 757), the court in concluding said:

"The 1938 Act is also assailed as being unconstitutional for various alleged reasons. But since we have determined that the 1938 Act preserved the previous status of Lincoln County which was legally dry before the passage of the 1938 Act and for that reason there is no authority of law for the holding of an election in any precinct or other territory less than the whole county, we need not determine the constitutionality of the Act, which question is expressly reserved."

Further this court said in the Neal case:

"If there is no authority of law for holding an election in territory less than the whole county where the county is local option territory, then the elections held pursuant to orders of the county court calling elections in single precincts in Whitley county are mere nullities and binding on no one. Providing for the holding of local option elections is a legislative function, and unless the Legislature has provided for such elections courts are without authority to call them."

And in conclusion it was there held that the ruling of the lower court, sustaining defendant's demurrer to the petition, was correct and its judgment was affirmed.

The decisions in the Murphy and Neal cases being each conclusive of the same question here again presented, on their authority we conclude that the ruling of the lower court, in following those decisions and sustaining plaintiff's demurrer to defendant's answer and counterclaim, was also correct, and its judgment is affirmed.