## Wilson v. Goodin et al.

June 12, 1942.

William Lewis & Son for appellant.

J. B. Johnson, M. A. Gray and H. M. Sutton for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was the holder of licenses issued by the proper governmental authorities authorizing him to sell beer of not over 3 2/10% alcoholic content by weight in Precinct No. 5 of Corbin, Whitley County, Kentucky. The licenses had been issued following a precinct election on December 9, 1939, at which a majority of the voters had approved the sale of the beverage. On December 19, 1936, Whitley County had voted "dry" in a county-wide local option election held in accordance with the 1936 Local Option Law, Chapter 1, 1936 Acts, Kentucky Statutes 2554c-1 to 2554c-42; but precinct elections to permit the sale of beer of the specified type in local option counties were deemed by the authorities permissible under the 1938 amendment to Section 2554c-1, Chapter 5, Acts of 1938. On January 13, 1942, this Court, in the case of Neal v. Manning, County Judge et al., 289 Ky. 199, 158 S. W. (2d) 129, decided that the December 9, 1939, precinct election referred to was illegal and void, notwithstanding the fact that it had been authorized by a judgment of the Whitley Circuit Court granting mandamus against the County Judge, compelling him to call the election, which judgment had never been vacated or appealed from. Our decision had been foreshadowed by our ruling in the case of Murphy v. Menefee, Judge of Lincoln County Court, decided October 28, 1941, and reported in 288 Ky. 119, 155 S. W. (2d) 753, to the effect

that the 1938 amendment did not, when properly construed, authorize the holding of such an election in precincts of a county which, within the preceding three years, had adopted local option as a result of a countywide election.

On January 13, 1942, before he had been informed of the decision in Neal v. Manning et al., supra, appellant instituted this action to enjoin the police judge and other officials from trying him on the charge of unlawfully having in his possession malt beverages containing not more than 3 2/10% alcohol by weight, and from confiscating or withholding from appellant's possession beverages of the character described which the authorities had seized under a search warrant. In his petition the appellant alleged the validity of the election of December 9, 1939, the issuance to him of the license referred to, and his good faith in possessing and selling beer of the type mentioned. It is unnecessary to describe the pleadings in detail. From them and the briefs of counsel it appears that on January 16, 1942, having acquired knowledge of the decision in Neal v. Manning, the appellant pleaded guilty in the police court to charges of possessing and selling malt beverages of the type described, and was fined $200 under the provisions of the Alcohol Beverage Control Law, which, unlike the Local Option Law, does not provide a jail sentence for first offenses, or require destruction of illegal beverages.

The Commonwealth's Attorney attacked as unconstitutional, and the Circuit Court so held, Kentucky Statute Supp. 1941, 2554b-150, which authorized the procedure which the appellant employed to escape the penalties of the Local Option Act. Eventually the litigation devolved into a proceeding by the appellant to save from destruction, under the provisions of the Local Option Law which he had apparently innocently violated, the beverages valued at $627 which he had purchased in 1941. The Commonwealth's Attorney, representing the appellees other than the police judge, is evidently satisfied with the punishment illegally imposed upon appellant for his alleged violation of the Alcoholic Beverage Control Law, but has earnestly requested us to determine the constitutionality of Kentucky Statute Supp. 1941, Section 2554b-150, because it presents an obstacle to the proper enforcement of the Local Option Law. The police judge did not enforce the penalty of confiscation re-

quired by the Local Option Law, since the appellant had pleaded guilty to violating only the Alcoholic Beverage Control Law. Subject to a penalty for not enforcing the provisions of the former Act, which destroys all property rights in the seized beverages and demands their destruction, the police judge, in a separate brief, unites in the request of the Commonwealth's Attorney that we fully determine the perplexing questions involved.

The attacked section, 2554b-150, was enacted as Section 6, Chapter 15 of the Acts of 1940, and provides:

"It shall be a criminal offense for any person not licensed where a license is required under the provisions of the Alcoholic Beverage Control Law of 1938 or amendments thereto, to manufacture, store, sell, purchase, transport, or otherwise in any manner traffic in alcoholic beverages, as that term is defined therein, notwithstanding that such offense may be committed in local option territory, as such term is used in Sections 2554c-1 to 2554c-42 of Carroll's Kentucky Statutes, 1936 edition; provided, however, that this Act shall not be construed to supersede Sections 2554c-1 to 2554c-42 of Carroll's Kentucky Statutes, 1936 edition, and that an offense under this section committed in local option territory may be, at the discretion of the court having jurisdiction over the offense, tried under either but not both the local option law, Sections 2554c-1 to 2554c-42, or the Alcoholic Beverage Control Law of 1938 as amended —and that the penalties provided in the law under which the offense is tried shall, upon conviction, be applicable."

The title to the Act is as follows:

"An Act relating to alcoholic beverages, repealing, amending, and re-enacting subsection (5) of section 2, and sections 15, 33, 35, 37, 52, 53, 94, and 95 of Chapter 2, Acts of the Regular Session of the 1938 General Assembly; declaring the sections or applications thereof separable; and declaring an emergency to exist."

It will at once be observed that the title omits any mention of the Local Option Law (2554c-1 to 2554c-42) and contains nothing to inform the reader that an amendment of that Act was contemplated. The sections which it purports to amend are provisions of the 1938 Alcoholic

Beverage Control Law (Kentucky Statute Supp. 1939, Sections 2554b-97 to 2554b-222). Section 52 (Kentucky Statute, Section 2554b-150), one of the sections which the 1940 Act purports to amend, makes it a criminal offense to manufacture, store, sell, purchase, transport, or otherwise in any manner traffic in alcoholic beverages as that term is defined in the Act, without having paid the taxes and obtained the license "required by this Act." But neither Section 52 of the 1938 Act (Kentucky Statute Supp. 1939, Section 2554b-150), nor the title to the Act, referred to the Local Option Law or to local option territory; and the body of the Act excepts from its provisions the local option statutes. Thus, by indirection, and without the attention of the Legislators having been called to its purpose or effect in the manner prescribed by Section 51 of the Constitution, Section 6 of the 1940 Act, Kentucky Statutes Supp. 1941, Section 2554b-150, amends the 1936 Local Option Law by providing an alternative lesser penalty for the violation of its terms. That its purpose was sinister is hardly to be doubted, since the nonpossession of a license which Kentucky Statutes, Section 2554b-150, penalizes by a fine is wholly immaterial as an element of guilt in a prosecution for the violation of the Local Option Act, which forbids, and more severely penalizes, the traffic in alcoholic beverages under any circumstances in Local Option territory.

According to the Commonwealth's Attorney great evil has resulted from the actions of inferior courts in local option territories in permitting violators of the liquor laws to plead guilty of violating the Alcoholic Beverage Control Law, and, by paying a fine, escape a jail sentence. But it is unnecessary to dwell upon the evils flowing from the purported amendment of 1940 or the several legal grounds upon which its constitutionality is attacked. It is sufficient to say that the title to the Act does not comply with the requirements of Section 51 of the Constitution that no law enacted by the Legislature shall relate to more than one subject and that shall be expressed in the title. Booth et al. v. City of Owensboro, 275 Ky. 491, 122 S. W. (2d) 118.

The remaining question to be decided is whether the appellant should be permitted to remove from the State, and dispose of, the beverages seized under the search warrant, or whether they should be destroyed as directed by the provisions of Section 27, Chapter 1 of the 1936

Local Option Law, Kentucky Statutes, Section 2554c-27. The decision of the Circuit Court compelling the County Judge to call the precinct election held on December 9, 1939, while necessarily determinative of the right of the voters of the precinct to hold the election and thus legalize the sale of 3 2/10% beer, was not res judicata of the proper interpretation of the 1938 amendment to the local option law purporting to authorize such election, and conferred no vested right upon the appellant. Neal v. Manning, supra; Nevels v. Commonwealth ex rel. Johnson, 290 Ky. 181, 160 S. W. (2d) 351. The licenses issued to him by the authorities could not legalize his sale of the prescribed beverages in local option territory if the statute properly construed did not permit such sale. Stein et al. v. Kentucky State Tax Commission et al., 266 Ky. 469, 99 S. W. (2d) 443. The absence of criminal intent does not necessarily constitute a bar to the enforcement of the penalties, since the offenses denounced were not offenses at common law. Goodman v. Commonwealth, 169 Ky. 542, 184 S. W. 876. Neither do we regard as here applicable the principle of law noted in Louisville & Nashville Railroad Co. v. Commonwealth, 175 Ky. 372, 194 S. W. 315, that sometimes excuses from the penalties of a statute creating an offense in which intent is not an element, one who has violated the statute without criminal intent but through mistake or under the pressure of overwhelming necessity. But we have no hesitancy in saying that one cannot be guilty of violating a statute which has not been construed by a court of competent jurisdiction otherwise than as nonapplicable to that person or the act charged as a violation. This principle is consonant with the rule seldom called into question, and hence infrequently enunciated, that where a criminal statute is first declared to be unconstitutional and later held to be constitutional, a person committing the prohibited act during the interval of time between the two decisions is not liable to indictment. American Jurisprudence, Vol. 15, page 11; 22 Corpus Juris Secundum, Criminal Law, page 114, Section 48. It is indistinguishable from the principle announced by the Supreme Court of Florida in the case of State of Florida ex rel., etc., v. Whitman et al., 116 Fla. 196, 150 So. 136, 156 So. 705, 709, 95 A. L. R. 1416. Said that Court:

"While it is no defense for an accused to show in justification of his unlawful acts that he deliberately violated a valid statute believing in good faith that

the law he thus violated was unconstitutional, yet this rule is subject to the qualification that one charged with the duty of obedience to a statute has the right to rely upon the expressed decisions of a competent court of general jurisdiction of his state having judicial power to adjudicate a statute to be unconstitutional or unenforceable, and, when he places reliance upon the unequivocal decision of a circuit court of this state holding in appropriate habeas corpus proceedings a statute to be unconstitutional that undertakes to regulate his personal conduct as an individual, by attempting to make unlawful an act of personal conduct that was previously held to be lawful, no liability in the form of a penalty for violation of the alleged unconstitutional statute is incurred, when the act constituting a violation of the statute would be simply malum prohibitum should the statute be subsequently decided by a higher court to be constitutional after having earlier been declared by a circuit court to be unconstitutional.''

The fact that the appellant relied on a decision of the Circuit Court misconstruing the statute relating to elections in precincts within local option territory to determine whether or not 3 2/10% beer might be sold therein, rather than upon a decision of a circuit court holding unconstitutional a statute prohibiting the sale of such beer in such territory makes no difference in the application of the doctrine. To punish appellant for conducting a business authorized by a decision of the Circuit Court of his county on which he had every right to rely, would be an act of intolerable injustice. To withhold the aid of a court of equity in saving his property and thus averting such punishment, would be a denial of justice.

Judgment reversed with directions to overrule the demurrer to the petition as amended, and for further proceedings consistent with this opinion.

Whole Court sitting.