## Karloftis v. Mills, County Judge.

**April 28, 1950.**

Cleon K. Calvert for petitioner.

Henry L. Bryant for respondent.

JUDGE REES—Issuing writ.

This is an original action in this court in which the petitioner seeks a writ of mandamus against the County Judge of Bell County directing him to call a local option election in the City of Pineville. It is alleged in the petition that the petitioner and 932 other qualified voters of the City filed in the County Court on March 13, 1950, a

petition to require the County Judge to call a local option election in the City; that Pineville is a city of the fourth class; and that the petition was correct in form and content, was sufficient in all respects, and was signed by more than 25% of the number of voters in the City who voted therein at the last preceding general election, the number of votes cast at said general election being 1,513. The original petition filed in the Bell County Court has been filed as part of the petition herein. This was done by agreement after the Bell County Court had entered an order permitting the withdrawal of the petition. It is alleged in the amended petition that in a local option election held on May 8, 1943, in the First Magisterial District in Bell County a majority of the legally qualified voters voting on the question voted in favor of prohibition, and that the City of Pineville is situated within the territory embraced by the First Magisterial District of Bell County. It is further alleged that a county-wide local option election was held in Bell County on May 26, 1945, and the result of that election was against prohibition, but, because of the Statutes then in force, the dry status of the First Magisterial District, which includes the City of Pineville, was not altered by the result of the county-wide election. The respondent, Bradley Mills, County Judge of Bell County, has filed a general demurrer to the petition as amended, and, without waiving the demurrer, has filed an answer in which he admits certain averments of the petition as amended and denies certain averments and pleads affirmatively that since the City of Pineville was within and a part of the First Magisterial District of Bell County when the local option election was held in that district on May 8, 1943, the status of that district as dry territory must continue until it is changed at an election held within and for the whole district, and that an election cannot be legally called in territory less than the whole of the First Magisterial District. The petitioner has demurred to the answer.

The respondent has limited his argument in his brief to two reasons for his refusal to call the election, and he argues that his demurrer to the petition as amended should be sustained for either of those reasons, which are: (1) The petition for the election is composed of ten units which are so inconsistent and confused that the respondent was not justified in ordering the election on the

petition; and (2) the First Magisterial District of which the City of Pineville is a part was made a unit or territory by the local option election held therein on May 8, 1943, and any election on the question must be held in the entire territory and not in a part of it.

We find no merit in the first reason assigned by the respondent for his refusal to call the election. The petition consists of ten separate units as permitted by KRS 242.020(1). The number of pages of signatures in the various units ranges from one to ten. Each page has a printed heading specifying the purpose of the petition with blank spaces for the territory in which the election is to be held. It is said in respondent's brief that six units of the petition for election, including the first unit or face of the petition, petitions the court to order an election upon the proposition "Are you in favor of the sale of alcoholic beverages in —— County, Kentucky?" while the other four units petition for an election on the question "Are you in favor of the sale of alcoholic beverages in Pineville, Bell County, Kentucky?" An examination of the ten units which are bound together and filed with the petition herein shows, however, that the first page of each unit petitions the County Court to enter an order directing that an election be held in "Pineville, Bell County, Kentucky." The blank spaces on the succeeding pages of each unit are unfilled, but in many instances the printed heading is marked with a large red X. It was necessary to set forth the purpose of the petition, including a description of the territory in which the election was to be held, but this was done at the beginning of the first page of each unit and that was sufficient. We find no inconsistencies or uncertainties in the ten units comprising the petition.

Respondent relies upon such cases as Murphy v. Menefee, Judge, 288 Ky. 119, 155 S. W. 2d 753; Neal v. Manning, Judge, 289 Ky. 199, 158 S. W. 2d 129, and Nevels v. Commonwealth ex rel. Johnson, 290 Ky. 181, 160 S. W. 2d 351, in support of his claim that the First Magisterial District of Bell County of which the City of Pineville is a part was made a territorial unit by the local option election held therein on May 8, 1943, and having voted in favor of prohibition and become dry territory any election on the question must be held in the entire territory and not in a part of it. The cases relied upon construed the Statutes in force prior to the enact-

ment of Chapter 47 of the Acts of 1948, now KRS 242.-125. The Act of 1948 effected a complete change in the existing local option laws as they pertained to cities of the first four classes. Section 1 of the Act provides that a local option election may be held in any city of the first four classes in a county which has voted dry, and the election in such city shall not be deemed to be an election in the "same territory" as that in which the county-wide election was held within the meaning of subsection 5 of KRS 242.030. Subsection 2 of the Act provides for separate voting in cities of the first four classes where county-wide elections are held on the question of prohibition. Subsection 3 of the Act reads:

"(3) If, in any city-wide election hereafter held in a city of the first four classes for the purpose of taking the sense of the voters as to the adoption or discontinuance of the application of KRS 242.220 to 242.430 to such city, other than an election coming within the provisions of subsection (1) or (2) of this section, the majority of the votes cast are for prohibition, KRS 242.220 to 242.430 shall apply to every portion of the city. If, in any such city-wide election, the majority of the votes cast are against prohibition, and if, at the time of such election, any number of precincts in such city less than the entire city were dry territories, the votes shall not make KRS 242.220 to 242.430 inapplicable to such precincts. If, in any city-wide election, the majority of votes cast are against prohibition, and if, at the time of the election, the entire city was dry territory, KRS 242.-220 to 242.430 shall be inapplicable to the entire city."

By subsections 1 and 2 the Legislature provided for separate elections by cities, first, in counties which had theretofore voted dry, and, second, in counties, not dry territories, where county-wide local option elections are held. By subsection 3 the Legislature evidently intended to provide for separate elections by cities under all other conditions. In other words, it was the intention of the Legislature to make every city of the first four classes a separate territorial unit for the purpose of determining its status on the prohibition question, and to give it complete home rule in this respect. It would be absurd to say that the Legislature intended to remove the city from control by the entire county but intended to leave its prohibition status under the control of a smaller territory such as a magisterial district. We are

fortified in this interpretation of the statute by subsection 4 of the 1948 Act which reads: "(4) In the case of any city located in more than one county, the portion of such city located in each county shall, for the purpose of any election under KRS Chapter 242, be deemed to be a city of the class to which the entire city belongs, and the status of the portion of the city in each county, with respect to the application of KRS 242.220 to 242.430, shall be governed by the election held within such portion, or in the individual precincts within such portion, as provided in this section."

We conclude that subsection 3 of KRS 242.125 grants to cities of the first four classes the right to hold independent local option elections regardless of the status or nature of the territory embracing such cities.

The demurrer to the petition as amended is overruled, and the demurrer to the answer is sustained. It is therefore ordered that a writ issue directing the County Judge to enter an order calling the election in compliance with KRS 242.030. The writ will issue forthwith without prejudice to the respondent's right to file a petition for rehearing.