**HALCOMB et al. v. FAULKNER.**

Court of Appeals of Kentucky.

March 20, 1951.

Glenn W. Denham, Williamsburg, for petitioner.

Joe S. Feather, Williamsburg, for respondent.

MOREMEN, Justice.

Petitioners, W. T. Halcomb, Jesse Stanley, and Arnold Shotwell, acting for themselves and in behalf of all other residents and qualified voters in that portion of the City of Corbin as is located in Whitley County, have filed a petition in this Court in which they ask that a writ of mandamus be issued directing the Hon. Everett Faulkner, Judge of the Whitley County Court, to call an election to take the sense of the voters on the question of sale of alcoholic beverages in that portion of the City of Corbin which is located in Whitley County. A stipulation was filed which reads in part as follows: "By agreement of the parties it is stipulated that Whitley County, Kentucky, is now and has been at all times herein set out and for several years last past "dry" territory as a unit under sections 242.010-242.430, KRS, and that Knox County, Kentucky, is now, and has been at all times herein set out, and for several years last past, "dry" territory as a unit under sections 242.010-242.430, KRS, the local option statutes of the State of Kentucky, and that Corbin, a municipality of the third class, is located partly in Whitley County, Kentucky, and partly in Knox County, Kentucky, with the greater part of its territory lying in Whitley County, Kentucky."

It was alleged in the petition that on February 9, 1951, a petition sufficient in all respects, under the terms of KRS 242.020, to require the County Judge of Whitley County to call a local option election was filed in the office of the County Clerk. That petition reads, in part, as follows: "We, the undersigned, duly qualified legal voters of that portion of the City of Corbin as is located in Whitley County, Kentucky, being equal in number to more than twenty-five (25) per cent of the votes cast in that portion of the City of Corbin as is located in Whitley County, Kentucky at the last preceding general election, do

hereby most respectfully petition the Whitley County Court and the Judge thereof to order an election, (pursuant to KRS 242.-020) to be held in that portion of the City of Corbin as is located in Whitley County, Kentucky, on the 14th day of April, 1951, upon the proposition 'are you in favor of the sale of alcoholic beverages in that portion of the City of Corbin as is located in Whitley County, Kentucky?' in accordance with the terms and provisions of Kentucky Revised Statutes, Chapter 242, 'Alcoholic Beverage—Local Option,' * * *".

The petitioners further averred that unless the respondent was compelled by a writ of mandamus to order said election, great and irreparable injury would result to the petitioners. The Court, after a hearing, refused to call such an election because he was of the opinion that such a call would be in violation of section 61 and section 156 of the Constitution of the Commonwealth of Kentucky.

The section of KRS 242.125 which the Court held was enacted in violation of sections 61 and 156 of the Constitution reads as follows: "(4) In the case of any city located in more than one county, the portion of such city located in each county shall, for the purpose of any election under KRS Chapter 242, be deemed to be a city of the class to which the entire city belongs, and the status of the portion of the city in each county, with respect to the application of KRS 242.220 to 242.430, shall be governed by the election held within such portion, or in the individual precincts within such portions, as provided in this section. (1948, c. 47, § 1; effective June 17, 1948.)"

In the case of May et al. v. Drake, 309 Ky. 819, 219 S.W.2d 31, we held that certain provisions of Chapter 47 of the Acts of 1948, of which the above quoted section is a part, were constitutional, but this is the first time we have been required to determine the constitutionality of this particular subsection of the Act.

Chapter 47 provides that elections may be held in cities of the first four classes in order to take the sense of the voters with respect to the discontinuance of prohibition against the sale of alcoholic beverages which might exist in said cities as the result of a county wide election. Theretofore it had been possible under the statutes and the decisions of this Court to hold such an election in a wet county to determine if a portion of said county desired to have prohibition. Long v. Smith, 281 Ky. 512, 136 S.W.2d 789; but, on the other hand, it had been held that when a county votes dry as a unit, no lesser political subdivision could thereafter vote on the question of discontinuance of prohibition, Murphy v. Menifee, 288 Ky. 119, 155 S.W.2d 753; so it was the apparent intention of the legislature to give equal voting privileges to all persons residing in the cities of the first four classes regardless of whether they lived in a "wet" or a "dry" county. The City of Corbin falls under the peculiar classification set out under subsection (4) above because the City lies in both Knox and Whitley Counties; the major portion being in Whitley County. The question presented here is whether or not under our Constitution a part of the city, as determined by its geographical location in a county, may be designated as a unit for the purpose of holding a local option election.

Section 61 of the Constitution reads: "Provision to be made for local option on sale of liquor; time of elections. The General Assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election days."

It may be remarked that the units of government which may hold an election to determine the sense of the people are clearly defined. They may be a county, city, town, district, or precinct, and, under its power, the General Assembly may designate the mechanics whereby a vote may be taken in any of the political subdivisions

164

specifically named. By the Act of 1948, the legislature chose only one unit, to wit: a city; and confined even the city to one of the first four classes. They did not select any other political entity than that one and did not permit election by precinct or a definitely recognized district, but they attempted to modify this somewhat by subsection (4), and to select a part of a unit not designated by the Constitution, to wit: a part of a city. In this action we believe the legislature acted beyond the limits of its constitutional authority.

We have heretofore had to decide questions concerning elections resulting from the unique situation of the City of Corbin, and in the case of Early v. Rains, 121 Ky. 439, 89 S.W. 289, 290, which also involved an election on the question of whether intoxicating liquors should be sold, we said: "Where a town or city is the unit, for the purposes of local self-government, and particularly upon the subject of licensing or prohibiting the liquor traffic, it is supreme and entire within its jurisdiction. It is so recognized by the Constitution and the statutes. Whether it is in one county or another, or partly in two or more, is immaterial. For it is not the county, but the town, that is deemed the government in such matters. Votes affecting the rights and interests of the town as a municipality are taken, and its obligations are treated, entirely without regard to the county organization or government. Express provision is made by statute for holding elections in such towns. Section 1445, Ky.St. 1903. The elections treated of in the last-named section of the statute are not only the selection of municipal officers, but the submission of any question or proposition to be voted on by the municipality as such."

It is true that the above opinion was written before the enactment of KRS 242.-010–242.430, and perhaps would have had no application if the legislature had designated precincts under the Constitution as being the unit suitable for such elections, but since the legislature selected cities as the unit, the law applicable to elections in cities which lie in more than one county should be applied. The legislature having once selected a political unit may only further subdivide it into such units as are recognized by Section 61 of the Constitution.

Since we are of opinion that the subsection (4) of KRS 242.125 was enacted in violation of the terms of section 61 of the Constitution, it is unnecessary to decide whether the terms of section 156 were also violated.

Petition for writ denied.