Eugene MASTIN et al., etc., Petitioners,

v.

Acey CORNETT, County Judge of Harlan County, Kentucky, Respondent.

W. D. JONES et al., Petitioners,

v.

Acey CORNETT, County Judge of Harlan County, Kentucky, Respondent.

Court of Appeals of Kentucky.

Dec. 13, 1963.

Eugene Goss (Brock & Goss), Harlan, for petitioners.

Joseph K. Beasley, Harlan, for respondent.

CLAY, Commissioner.

These are consolidated original proceedings seeking relief by way of prohibition and mandamus against the county judge of Harlan County. The suits, which question the calling of a local option election, are prosecuted by citizens and taxpayers of Harlan and Cumberland, both cities of the fourth class situated in Harlan County. By virtue of prior elections Harlan is now "dry" and Cumberland "wet". Harlan County is "dry".

On September 10, 1963 a petition signed by 3,034 persons was filed with the respondent as county judge. It requested him (as authorized by KRS 242.020) to direct a local option election "for the said county of Harlan" for the purpose of taking the sense of the voters as to the continuance or discontinuance of local option laws. Pursuant to this petition respondent entered an order calling, on December 9, 1963, not only a county wide election but also an election within the cities of Harlan and Cumberland. The right of respondent to call these city elections is the principal question presented.

The number of names on the petition was sufficient to equal at least 25 percent of the votes cast in the last preceding general election in the county, as required by KRS 242.020. The city voters signing the petition did not equal this percentage based on the preceding elections in the cities. Petitioners maintain that because of this shortage of city voters' names respondent could not call city elections. The respondent questions the right of petitioners to proceed by original action in this Court and also contends that the election petition was sufficient to authorize the order.

In spite of commendable pleadings and briefs on the merits of this controversy, the petitioners have not proceeded in the proper court. In the recent cases of Hettich v. Colson, Ky., 366 S.W.2d 907; Cunnigan v. Jones, Ky., 371 S.W.2d 624; Coffey v. Anderson, Ky., 371 S.W.2d 624; Howell v. Wilson, Ky., 371 S.W.2d 627, we pointed out that the circuit courts have jurisdiction under CR 81 to grant relief of the nature here sought and therefore we will not entertain such original actions.

However, in view of the fact that such remedy is no longer available to petitioners (because of the very limited time before the election) and in view of the importance of this public question, we will make the following observations.

Petitioners contend that by virtue of a 1948 amendment to KRS 242.125 the legislature completely segregated cities of the first four classes from the counties in which they were situated for the purposes of our prohibition laws. This is true only in a sense. A city of such a class is a "territory" within the definition contained in KRS 242.010(5), and it is an independent unit for the purpose of *voting* and determining its status on the prohibition question. Karloftis v. Mills, 312 Ky. 722, 229 S.W.2d 477; Halcomb v. Faulkner, Ky., 238 S.W.2d 162. With respect to the *calling* of a *county wide election*, however, a city is simply a segment of the county.

KRS 242.125(2) (as amended in 1948) seems to make this clear. Under the conditions therein prescribed, which we consider applicable here, though cities vote separately, a single election is held for the entire county. Thus for the purpose of calling a county wide election cities are no more than subdivisions of the county and are integrated parts of the whole "territory to be affected". Therefore any qualified voter in the county, whether he resides within or without a city, may properly be counted on a petition to hold a county wide election.

While it may be possible for a sufficient number of voters from anywhere in the

county on proper petition to compel cities to vote on the prohibition question every three years, apparently the legislature, by the enactment of KRS 242.125(2), intended this continuation of county dominance. To this extent a remnant of the "county unit rule" still prevails. See Herron v. Mc-Murray, 303 Ky. 190, 197 S.W.2d 55.

As heretofore directed by order of December 3, 1963, relief is denied.