**Donald BALL, Appellant,**

v.

**Henry STUMBO, Appellee.**

Court of Appeals of Kentucky.

July 27, 1966.

James T. Carey, Carey & O'Bryan, Louisville, Joe P. Tackett, Tackett & Tackett, Prestonsburg, for appellant.

Barkley J. Sturgill, County Atty., Harris S. Howard, Howard, Francis & Howard, Prestonsburg, for appellee.

CULLEN, Commissioner.

The question presented on this appeal involves the scope of a proposed local option election.

Floyd County, Kentucky, is a "dry" county pursuant to a county-wide local option election held a number of years ago. In April 1966 a petition was filed with the county court asking that a local option election be called in the county. In June the county court entered an order, pursuant to the petition, calling a county-wide election. Thereupon the appellant herein, a citizen, taxpayer and registered voter of the City of Prestonsburg, suing for himself and on behalf of all persons similarly situated, brought this action in the circuit court seeking a mandatory order to compel the county court to amend its order calling the election so as to provide for separate balloting and tabulation of votes in Prestonsburg and Martin, which are fourth-class cities. The circuit court entered judgment dismissing the complaint, from which judgment we have this appeal.

The appellant maintains that under KRS 242.125 the local option status of the two fourth-class cities is to be determined by separate balloting and tabulation of votes. We do not so construe the statute in application to an election in a "dry" county.

Subsection (1) of KRS 242.125 authorizes the calling of a local option election in any city of the fourth class or larger in a "dry" county. It does not provide for separate voting by such cities when a county-wide election is called in a "dry" county.

Subsection (2) of the statute provides for separate votes by cities of the first four classes when a county-wide election is called for a county that is not entirely dry but only has dry islands in it. Obviously, Floyd County is not in that category.

The remainder of KRS 242.125 has no application here.

In the light of the history of local option in Kentucky there is no ground for a plea that this statute should be liberally construed and extended beyond its literal terms. KRS 242.125, enacted in 1948, represents the only encroachment that the legislature has permitted in over fifty years upon the solid "county-unit" principle. See Stephens v. Stumbo, Ky., 239 S.W.2d 995. The extent of the encroachment is simply that cities of the first four classes may escape from an existing county-unit situation by the calling of separate, special elections. We find no indication that the legislature intended to give the cities the further freedom of voting separately in connection with an effort to vote an entire "dry" county wet.

To adopt the construction advanced by the appellant would be to give the "wet" forces multiple choices in seeking to change a "dry" situation. We are quite sure the legislature did not intend to open the door that far.

We find nothing in the cases relied upon by the appellant, such as Mastin v. Cornett, Ky., 373 S.W.2d 424, Stephens v. Stumbo, Ky., 239 S.W.2d 995, Halcomb v. Faulkner, Ky., 238 S.W.2d 162, and Karloftis v. Wells, 312 Ky. 722, 229 S.W.2d 477, to dictate a conclusion different from the one we have reached.

The judgment is affirmed.